.Pettibone, J.,
delivered the opinion of the Court.
This was an indictment under the statute, against gaming, viz : 'Oeyef’s Big., title, Vice and Immorality, see. ¿. The indictment charged, that defendant, on or at, &c., on a certain game of chance, then and there unlawfully played for money, at a certain gambling table, commonly called a faro bank, then and there being unlawfully kept, did bet in money, divers large sums, to-wit: the sum of two dollars, to the evil example, &c. The defendant demurred to the indictment, which demurrer was overruled, and judgment given against defendant-; to reverse which judgment the cause is brought to this Court by writ of error. The errors assigned are,
First. That it does not appear, by said indictment, what game of chance was played at the said table.
Second. That it does not appear with whom the said bet was made by the said Ames.
Third. It does not appear, in the said indictment, that any'bet was made upon the game, but that-the bet, if any happened, might not have been upon some principle or rule of the game.
Fourth. It does not appear that any legal offence is charged against the said Ames.
The third error assigned, we do not consider as existing in point of fact. The indictment expressly charges that defendant did bet in money on a certain game of chance then and there played, &c. Betting on the game, we think, must be understood to mean betting on the event -of the game. 'This error Will, therefore, be laid out of the case. The other errors assigned will not be considered separately, as the same principles will decide them all. The general rules of pleading in civil and criminal cases are the same. In a civil ease, every thing which is necessary to constitute a right of action must be laid in the declaration, with time and place. So in a criminal case, every thing which is of the essence or substance of the offence, must be charged in tíre indictment. We will test the sufficiency of this indictment *373 by this general rule. The offence, for which this indictment is found, is created by statute, .and it consists in betting (no matter with whom) upon any game of chance, (no matter of what description,) played at the gambling table commonly called a faro bank. The statute is broad in its terms, and no doubt was intende d to guard against any change in the name, or even the principles of a game, for the purpose of avoiding the statute. The indictment in this case sets out every thing which the statute requires, in order to constitute the offence, and of course, by the above rule, it must be sufficient. Vide 2 Taun. Rep. 33; the King v. Holden and others. But it is said that the precedents all require the name of the person against whom the offences was committed, to be set out in the indictment. That position is undoubtedly correct. And in all that class of cases, where the offence consists in a violation of individual rights, either as to person or property, the injury done, and to whom done, are necessarily set out in the indictment, because they constitute the very foundation and essence of the offence. Government is bound to protect its citizens in cases of violence and fraud, which the individual cannot guard against. The public offence arises altogether out of the individual wrong, and the duty which the government owes to the protection of its citizens. But there is another class of public offences of which this is one, where no individual wrong is complained of, but where the offence is purely against the public. Such are the offences against morality and public policy. In the case before the Court, it is not pretended that it grows out of any private wrong; the person with whom the bet is made is not injured, or, at all events, his injury does not constitute the essence of the offence complained of. Then why name him more than any other person who might have been present at its commission. The indictment is not necessarily to contain the evidence or extraneous circumstances which may attend the commission of the offence, but which do not constitute any substantial part of it. The case of the King v. Holden and others, above cited, goes clearly to establish this d actrine. That was an indictment for uttering counterfeit bank notes of the Bank of England. The persons to whom they were uttered were cognizant of their being counterfeit, and bought them as such. They were, therefore, not injured or defrauded. Their wrong constituted no part of the offence; and the Court held that it was not necessary in that case that they should be named in the indictment. The intent to defraud the Bank of England constituted the offence, and they considered it altogether immaterial as it respected the crime of the defendant, into whose hands he had passed the notes. For the same reasons we do not conceive it necessary to state the particular game of chance played at the table. The offence is charged in the words of the statute which creates it, and is, therefore, sufficient.
The judgment of the Circuit Court is affirmed, with costs.