Mr. Justice Scott delivered the opinion of the Court. It is objected in this case that the indictment is bad because it does not disclose the name of the person with whom the appellant bet, nor aver his name to be unknown to the Jurors. When third persons are injured or designed to be injured, or when their designation is a material part of the description of the offence charged, it is, in general, indispensable that they be named, or else it must be averred that their names are unknown to the Jurors. But it is certainly not necessary in an indictment for a misdemeanor, although it ought to be equal in certainty to a declaration, to do more than to introduce upon the record — and it must do this by averment, in opposition to argument and inference — a complete description of such facts and circumstances as constitute the offence, without inconsistency or repugnancy; and when framed upon a Statute, if all the ingredients of the offence be expressed in the enactment, not only is it sufficient to charge the offence in the words of the act, but it will be unsafe materially to depart from them. The offence created by that sedtion of our Statute of gaming upon which this indictment is predicated is the act of betting upon certain devices and games of chance prohibited by the first section of the act. And although the mode of proceeding in the prosecutions of the various offences created by this Statute of gaming, is not within the sphere of that latitude of construction, when construction may be necessary, that is given to the Courts and imposed upon them as a duty by the 13th Section, there can be no doubt but that in the definition of the offences themselves this provision for construction has a legitimate place. The gist of the offence created by that section which we are now considering is the betting of money or other thing of value, or the representative of any thing that may be esteemed of value, at or upon that Ishmaelitish class of gambling devices and games of chance described and indicated in the first section of the act, which are to be distinguished from that other class-of small games described and indicated in the eighth Section, not only by the general feature of supposed predominance of chance over skill, but also in the further general feature of being Bank games, or devices, against which Banks or devices many play for and against the money exhibited or understood to be in the Bank to be bet against and paid out by the conductor of the game or device to those who may win on the chances. The offence of betting, that is, by this section, designed to be proscribed, has no necessary or usual connection with mutuality of betting as between individuals, but simply consists in the wilful act of betting or venturing of money or other thing of value, or that which represents a thing that is esteemed of value, at, upon, or against any of these Banks, games or gambling devices of chance, at which money or property may be won or lost, whether they be named or unnamed, propelled by an agency visible or invisible, known or unknown by which this money or property is paid or received according to the exigency of these supposed chances. Then so far as the fact of the bettingis concerned, which is one of the material ingredients of this offence, it is as plainly, fully and accurately described in the indictment before us by the averment, in the language of the Statute, that the defendant “ did bet” as the nature of the fact will allow; and had the additional fact been averred that they had bet with any named person, the fact of betting as contemplated by the Statute could not have been more perfectly and palpably delineated. On^the contrary, it would have but brought on the record an additional fact that was beyond the bounds of the legal idea of betting as contemplated by this section, which, although not hatful, would have been unnecessary; but if alleged should have been proven under the rule that holds a party to proof e£ all his , allegations of description. And so the offence of betting has been defined under a similar Statute by the Supreme Court of Missouri. State vs. Amis, 1 Mo. Rep. 524. State vs. Bates, 10 Mo. Rep. 166 and State vs. Kyle, ib. 390. And so also the gambling device on which the money in this case was charged to have been bet was sufficiently described when the species “Faro Bank” in some of the counts, and game of Faro ” in others was stated instead of either of the generic terms used in the first Section of the act. Finding no error in the record the judgment of the Court below must be affirmed.