## SAMUEL vs. WITHERS & BRISTOW.

1. The judgment of the Circuit Court will not be set aside for erroneous instructions, unless the bill of exceptions shews the evidence upon which the instructions were based.

2. Nor will its judgment be reversed for admitting the testimony of an incompetent witness, unless his testimony is shewn, as it might be, immaterial.

ERROR to Boone Circuit Court.

TURNER & HAYDEN, for Plaintiff.

TODD & LEONARD, for Defendants.

NAPTON, J. delivered the opinion of the court.

This was an action of debt upon a note given by the defendants, and one Clarkson, to John Hall, who assigned the same to Manlius V. Thompson, who assigned the same to plaintiff. Judgment by default went against Bristow, the principal in the note. The general issue was pleaded with notice of special matter.

Upon the trial the defendant offered to read the depositions of Bristow and Clarkson, in his defence, which was objected to on account of the incompetency of the witnesses, but the objections were overruled and the depositions read. The plaintiff asked the court to give several instructions which the court refused, and the court gave the instructions asked for by the opposite party. Thereupon by leave, the plaintiff submitted to a non-suit, and moved to set the same aside, which was refused, and the case brought here by writ of error.

The depositions of Bristow and Clarkson, are not preserved in the record; the bill of exceptions alludes to them as papers in the cause, but they are not copied in the bill. Depositions can only be made a part of the record by a bill of exceptions. That they are transcribed by the clerk in the record proper, is of no consequence, and does not make them a part of the record.

The points upon which the reversal of the judgment is sought are two: *First*, the incompetency of Bristow as a witness; and, *Second*, the erroneous instructions of the court.

It is manifest that the propriety of the instructions, must depend upon the facts on which these instructions were based, and the evidence not being before the court, we cannot enquire into the matter, neither would this court be authorized to reverse a judgment, because an incompetent witness had testified on the trial, when the testimony of such witness is not preserved. It would be impossible to see whether his testimony was at all material to the merits. The opinion of this court upon that point is, however, given in the case of Garrett and others, vs. Breckenridge, decided during the present term.

Judgment affirmed.