State v. Vaughn.

———◦●●◦———

THE STATE, Respondent, v. VAUGHN, Appellant.

| 26 | 29 |
| 119 | 437 |
| 26 | 29 |
| 145 | 247 |

1. To enable the Supreme Court to determine whether error has been committed in giving instructions to the jury, the evidence must be preserved in a bill of exceptions.
2. The insufficiency of an indictment may be taken advantage of in the Supreme Court, although no motion in arrest of judgment was made.
3. An indictment charging that the defendant feloniously, wilfully, on purpose and of malice aforethought assaulted C. H. with a loaded pistol, and then and there, with said pistol, feloniously, &c., did shoot said C. H. with the intent to kill him, is sufficient under section 35 of the second article of the act concerning crimes and punishments. (R. C. 1855, p. 565.)

*Appeal from Stoddard Circuit Court.*

*Noell,* for appellant.

RICHARDSON, Judge, delivered the opinion of the court.

None of the evidence in this case is preserved in the bill of exceptions, and if the instructions were erroneous as abstract propositions of law, this court would not reverse for that reason. The propriety of instructions affecting a trial depends on the evidence, which, if not preserved, authorizes the presumption the law indulges that the judgment below is correct. (9 Mo. 165, 807 ; 18 Mo. 256.)

The appellant filed a motion for a *certiorari* on the clerk of the circuit court to require him to perfect the transcript of the record by incorporating the motions to quash and in arrest, and this motion was overruled for the reason that this court will look into the validity of an indictment and will re-

3—VOL. XXVI.

verse, if it is insufficient, whether or not a motion in arrest has been made ; (State v. Hammel, 5 Mo. 260 ;) and whatever may be taken advantage of in arrest of judgment may be corrected by writ of error. (State v. McGee, 8 Mo. 495.)

The only question presented in the record is as to the sufficiency of the indictment. The indictment is under the 35th section of article 2, concerning crimes and punishments (R. C. 1855), which is the same as the 34th section of the corresponding article in the code of 1845. It charges that the defendant " feloniously, wilfully, on purpose, and of malice aforethought," assaulted Carrol Henderson with a loaded pistol, and then and there, with said pistol, feloniously, wilfully, on purpose, and of his malice aforethought, *did shoot* said Henderson with the intent to kill him. *Shooting* with the intent imputed in the indictment is not in terms declared to be an offence. The words of the statute are " shoot at," &c. ; but the averment that the defendant *did shoot* with intent to kill, necessarily implies that he did " *shoot at.*" Besides, it is an offence under this section to assault another with a deadly weapon with intent to kill, and that offence is distinctly charged in this indictment. (State v. Chandler, 24 Mo. 271.)

The judgment is affirmed, the other judges concurring.