THE STATE, Defendant in Error, v. GUYOTT, Plaintiff in Error.

1. The Supreme Court will not review instructions unless the evidence introduced be preserved in the bill of exceptions.
2. An indictment, founded on section 33 of the act concerning slaves (R. C. 1855, p. 1477), charging that the defendant at, &c., on, &c., "being a tavern-keeper, and duly and regularly licensed to keep a tavern, unlawfully then and there did sell to a certain slave—the name of which slave and the name of the owner or master or overseer of which said slave are to the jurors aforesaid unknown—intoxicating liquor, to-wit, one gill of whisky, for five cents, without permission in writing of the master, owner or overseer of said slave being first then and there had and obtained so to do," is sufficient.

### Error to Marion Circuit Court.

Indictment for selling a commodity to a negro. The indictment charged that " on the fifth day of June, 1856, and at the said county of Marion, one John Guyott unlawfully then and there being a tavern-keeper, and duly and regularly licensed to keep a tavern, unlawfully then and there did sell to a certain slave—the name of which slave, and the name of

the owner or master or overseer of which said slave are to the jurors unknown—intoxicating liquor, to-wit, one gill of whisky, for five cents, without permission in writing from the master, owner or overseer of said slave being first then and there had and obtained so to do."

The bill of exceptions does not contain any of the evidence adduced on the trial. It contains only the following instruction given at the request of the jury and against the objection of defendant: " The court instructs the jury that if they are satisfied from the evidence that the defendant or his agent sold intoxicating liquors to a negro or black person, that the jury may presume that such negro was a slave."

The defendant was found guilty and fined twenty dollars.

*Wm. E. Cooke* and *Vanswearingen*, for plaintiff in error.

I. The indictment is too vague, uncertain and indefinite. The name of the slave, and the name of the master, owner or overseer of the slave should have been stated in the indictment. (Arch. C. P. 42; Rex. Horne, Cow. 675; 1 Chitty C. L. 172.)

II. No evidence was adduced proving or tending to prove the offence charged.

III. If the offence charged against the defendant could be the subject of indictment, the defendant should have been indicted for a violation of the license law. The proof shows that he was the keeper of a tavern at the date of the alleged offence. (State v. Auberry, 7 Mo. 304.)

IV. The instruction given was erroneous. The law, upon a criminal charge, raises no such presumption as is set up in the instruction. In order to convict a man of an offence against the existing law, all the material facts which constitute the offence, and which are necessary to enable the party to avail himself of the verdict and judgment in bar of another prosecution for the same offence, must be stated upon the indictment, and all these allegations must be proved as laid. (2 Russ. on Crimes, 704; 5 East. 259; 2 East. 33.) It is well settled that every material affirmative proposition

which enters into the substance of the charge preferred by indictment must be proved by the prosecution, without resort to presumptions of any character. (2 Leach, 594; 2 Russ. on Cri. 690.)

*C. G. Mauro,* (circuit attorney,) for the State.

I. The indictment is good. The instruction given to the jury simply declares a well settled principle of law. It is impossible to judge of its applicability, as the defendant has not seen fit to incorporate the evidence into the bill of exceptions. The proposition being legally correct, the presumption is that the judge rightfully gave it.

RICHARDSON, Judge, delivered the opinion of the court.

The bill of exceptions contains nothing but one instruction, which we can not review for the reason that the evidence is not preserved. (State v. Vaughn, 26 Mo. 29.)

The indictment is good. If the name of the slave or his owner or master was unknown to the grand jury, it was sufficient to state the fact in the indictment. (State v. Harris, 2 Snead, 224; State v. Miller, 7 Ired. 275; 13 Mo. 246; 14 14 Mo. 340; 15 Mo. 430.) The other judges concurring, the judgment will be affirmed.

*W. E. Cooke* and *Vanswearingen,* for plaintiff in error.

*C. G. Mauro,* (circuit attorney,) for defendant in error.