## PAGE VS. THE STATE.

1. An indictment for vending clocks without license, must allege a sale or some other disposition of a clock in the way of trade: but it is not necessary to allege to whom the clock was sold, or the price that was given.
2. The 12th sect. of the act concerning *pedlers* (R. C. 1835, p. 429,) requires a license to peddle clocks, whether manufactured in the state or not.

Opinion of the Court delivered by Napton Judge.

The grand jury of Crawford county found a bill of indictment, at the November term of 1838, against Charles Page, for vending clocks without license. The first count in the indictment, charged that defendant "did deal and trade in the selling of clocks, by going from place to place to sell the same at the county aforesaid, without a special license therefor according to law, and contrary to the statute &c.

The second count charged that defendant, "did deal in the selling of clocks, not being the growth, produce, or the manufacture of the State of Missouri," &c. as before.

The third and fourth counts are substantially the same as the second.

The jury found the defendant guilty, and the defendant moved for a new trial, and in arrest, both of which motions were overruled by the court.

There are two question raised on the record in this count. First, whether selling clocks manufactured in this state without a license, was an offence under the act as it stood in 1838. And second whether the indictment was substantially good.

The indictment charges that defendant "dealt and traded in the selling of clocks," and "dealt in the selling of clocks as a clock pedlar," and went about from place to place to sell clocks. This is very well as far as it goes, and was a sufficient description of the occupation of the defendant, to bring him within the province of the statute. But no offence is laid in the indictment; no act of sale is charged. It is not sufficient that

defendant was a clock pedlar, and that he traveled through the country in that capacity, to subject him to the penalty of the law: he must be charged and proved to have done some act in that capacity to render him liable. A merchant may expose his wares in a public store house, may possess all the articles necessary to constitute him a merchant; yet I apprehend that until he proceeds to sell or dispose of in some way some article in his line of business, he is not liable to an indictment for selling merchandise without license.

The case cited by the circuit attorney, of The state vs. Ames, (1 Mo. Rep. 524,) has no application to this case.— The court held in that case that in an indictment for gaming it was not necessary to alledge with whom the bet was made or what sum was bet, so in this case it is clear that the state need not alledge to whom the clock was sold or bartered or the price that was given, but it does not follow from this principle, or any other principle of the criminal law, that the indictment must not alledge a sale or some other disposition of a clock in the way of trade. The indictment is fairly defective in this particular.

An indictment for vending clocks, without license, must allege a sale or some other disposition of a clock in the way of trade, but it is not necessary to allege to whom the clock was sold, or the price that was given.

The disposition of this point renders any opinion on the other point not absolutely necessary in this case, but as the party may be indicted again, it may be well to state that neither Judge Tompkins nor myself entertain any doubt that the law of '34 requires a license to peddle clocks, whether manufactured in the state or not. The 12th section of the act to license and tax pedlars declares that "no person shall peddle clocks without a special license for that purpose."— This is sufficiently distinct and definitive to require no aid in construing it. The first section provides "that those who deal in the selling of goods, wares, and merchandise, not the growth, produce, or manufacture of this state by going from place to place to sell the same" are pedlars. The exception here obviously applies to the article sold or peddled and by no fair rule of construction could this exception be extended to the 12th section in which there is no exception. It is here that we must resort to the first section to ascertain what kind of selling constitutes a pedlar, but the articles to be

The 12th sec. of the act concerning pedlars (R. C. 1835, p. 492,) requires a license to peddle clocks, whether manufactured in the state or not.

sold or peddled, cannot be transferred to the 12th section for the purpose of carrying with them a proviso which is not to be found in that section. Judgment affirmed.

*Cole for Appellant.*

1st. The indictment is insufficient, and no lawful judgment can be given upon it. The circuit court erred in refusing to arrest judgment. 1st. Chitty pl. 187. King vs. T. Mason. 1 D. east 268. Supra 582. Hamuel vs. State. 5 Mo. Rep. 260.

2d. To vend clocks manufactured in the state, was not a violation of the law. L. M. 428, sec 1, L. 1838, page 92.

3d. The circuit court erred in refusing a new trial.

4th. Upon the fact of the case, the defendant should have been accquitted. State vs. M. Byrd 1 M. R. 485.

*Brickey for the State.*

In the investigation of this case I shall present two questions for the consideration of this count.

1. "Was the pedling and selling clocks without a license "(admitting the clocks were manufactured in this state,) an "indictable offence.

2. "Is the indictment so defective in form and substance, "that the court could not render judgment after the find-"ing of the verdict of the jury.

In order to sustain the indictment, and to shew that pedling and selling clocks without a license whether the said clocks were manufactured in this state or not, I rely upon the following authorities. Digest page 429, Sec. 1–12 –13 –14, 1 vol. Mo. Rep. page 524 State vs. B. Ames. Archbolds Crim pl. page 45—54.