State vs. Ladd.

## STATE vs. LADD.

1. In an indictment for selling liquor without license, the name of the person to whom sold, and the price are immaterial. The offence does not violate an individual right, as in larceny, and consists in the act of selling.

2. On an indictment for selling liquor without license, charging that the sale was made to persons to the jurors unknown; proof that the persons were known to the jury, does not constitute a variance.

## APPEAL from Buchanan Circuit Court.

### STATEMENT OF THE CASE.

This was an indictment for selling liquor without license. The defendant demurred, which being overruled, he excepted. The cause was then submitted to a jury. The circuit attorney introduced one James Wood as a witness who testified that, in August or July of this year in the county of Buchanan he bought of defendant a drink of wine and paid him for it, and also a drink of rum and paid him for it. He also testified that he was a witness before the grand jury at the term the indictment was found testified in reference to such sales—that he was well acquainted with various members of the grand jury and they with him. The evidence here closed.

The circuit attorney moved the court to instruct the jury: "That if they believed from the evidence that the defendant sold to any person wine or rum in a less quantity than one quart within twelve months before the finding of this indictment and in Buchanan county they must convict."

To the giving of which instruction the defendant objected but the opinion being overruled he excepted. The defendant then prayed the following instruction: "That if the evidence shows that the liquor was sold to the witness James Wood and he was known to the grand jury at the finding of the indictment it is their duty to acquit on this indictment."

Which instruction the court refused and the defendant excepted. The jury having returned a verdict of guilty, the defendant filed his motion for a new trial and also in arrest, which being severally overruled he excepted.

VORIES & S. L. LEONARD, for appellant.

1. The indictment is bad, and the demurrer ought to have been sustained, because it does not specify any price for which the liquor was sold: Neales vs. the State, 10 Mo. 498, defendant is not guilty unless there was a price and one cannot be intended where none is expressed: 1 Chitty Crim Law, 172.

2. The court erred in overruling defendant's instruction: 1 Chitty Crim. Law 213; Arch. Crim. Plead. 35; Hays vs. the State 13 Mo. 240. The indictment was for selling to a person unknown. The evidence went to show that he was tried for selling liquor to a person known and the sufficiency of that evidence should have been left to the jury.

GARDENHIRE, Attorney General, for the State.

In this case there are two questions one as to the sufficiency of the indictment, and the other of the testimony.

State vs. Ladd.

It was not necessary for the indictment to charge the name of the person to whom the liquor was sold: 2 Taun R. 333; State vs. Ames, 1 Mo. R. 525; Page vs. State, 6 Mo. R. 205-6; Dorces case 2 Virg. Ca. 26; the People vs. Adams, 17 Wend. 477; Hulstead vs. the Commonwealth, 5 Leigh's R. 724; State vs. Munger, 15 Verm. R. 295; the phrase "to divers persons to the jurors aforesaid unknown"—in the indictment was, therefore, surplusage, and it was not necessary to prove it: 5 Leigh's R. 724.

It was not necessary to set out the price: 6 Mo. R. 205-6. The offence consists in the act of selling: 17 Wend. 477. The indictment charges that appellant "did sell." A sale includes a price as well as a purchaser. Both are alike elements of it. If it is not necessary to charge one, it cannot be of the other. The proof did not show that the person to whom the sale was made was known to the grand jury. If it had there would have been no variance: 5 Leigh's R. 724; Hays vs. State, 13 Mo. R. 246.

RYLAND, J., delivered the opinion of the court.

The points relied upon by counsel for the defendant below to reverse the judgment in this case, are the insufficiency of the indictment and the refusal of the court to give the instruction prayed for by the defendant to the jury.

I will first consider the indictment. It charges, that the defendant sold intoxicating liquors in a quantity less than a quart, to wit: one pint of whisky, one pint of gin, &c., to divers persons to the jurors unknown, without any license, &c. The only objection made to it rests on the omission to state the price for which the liquor was sold. There is no price mentioned in the indictment at and for which the liquor was sold. The defendant relies upon the case of Neales vs. the State, 10 Mo. R. 500. In this case it was said by the court, "that the charge is that the defendant, did then and there unlawfully sell intoxicating liquor in a quantity less than a quart. To whom sold, the description of the liquor sold and the price for which it was sold are entirely omitted in the indictment; and yet this would appear necessary to be stated otherwise, how can the court see that an offence has been committed or the defendant be apprized of the nature of the accusation against him and be able to prepare for his defence." In answer to this, I remark that these objections were not made to the indictment in Neales' case, nor was the court called upon to notice the indictment in these particulars. Strictly, this point was not before the court in that case, and what was said in relation thereto, may be considered as obiter dicta.

This court in the case of Page vs. the State, 6 Mo. Rep. 205, upon an indictment for selling clocks without a license, declared that a sale must be alleged, but it was not necessary to allege to whom it was made nor the price given.

The offence is confined to the person selling, it does not injure or

affect the rights of another person. The charge is complete, when it alleges that the sale was of intoxicating liquor in less quantity than one quart, (viz:) a pint, without license. The person to whom sold and the price are not material; nor do I think the omission to insert the name or the price can be considered as vitiating the indictment. In the case of the People vs. Adams, 17 Wend. 475. The supreme court of New York, Ch. Jus. Nelson delivering the opinion, decided, that it was not necessary in an indictment for selling spirituous liquors without license to specify the names of the persons to whom the sales were made. "The court remarked, that the offence upon the statute consists in the act of selling the spirituous liquors without license, and therefore the designation of the persons to whom sold is in no way material to constitute it." By parity of reasoning the price is equally immaterial. This is a strong case in support of this indictment against Ladd.

In the case of the State vs. Munger 15 Vermont Rep. 295, upon an indictment for selling spirituous liquors by the small measure, without a license, it is not necessary that it should be averred to whom they were sold. In this case the names of the persons to whom the liquors were sold and the price at which the liquors were sold are entirely omitted. The indictment is set forth containing two counts, neither of which mentioned the price or names of the persons to whom the defendant is charged to have sold; yet it was held sufficient. In this last case the court said: "It is contented that the indictment is bad, because it is not averred to whom the liquor was sold or that the person or persons are unknown. It is of no importance that the indictment should contain such an averment. The offence complained of, works no injury upon the individual rights of a person to whom the sale was made and none are supposed to be violated. It has no analogy to an indictment for theft to which it was likened by the counsel, where the violation of private rights enters into the very essence of the crime."

The sale of intoxicating liquor, *ex vi termini*, includes a person to whom it was made, and a price—and I cannot see any reason or necessity for the pleader to insert either in the indictment. Under this view of the law the indictment is sufficient.

If it be not necessary to name the persons to whom the liquor was sold, and from the above authorities, I am satisfied it is not, then the court did not err in refusing to give the defendant's instruction. In the case of Hulstead vs. the Commonwealth, 5 Leigh's Report 724. The general court of Virginia, held unanimously "that, on the trial of an indictment for retailing spirits without a license charging that the sale

was made "to persons to the jurors unknown," proof, that the persons were actually known to the jury when it found the indictment, does not constitute a variance between the proof and the allegations of the indictment, so as to defeat the prosecution.

This is in conformity with the decision of this court in Dove's case, 2 Virg. cases 26, where this court decided that an indictment for retailing spirits need not name the person to whom the liquor was sold. The insertion therefore of the words "to persons to the jurors unknown," must be taken as surplusage. The case of Hays vs. the State, 13 Mo. Rep. 246, contains nothing against the views herein expressed.

From the whole of the present case appearing by the record before us, I find nothing requiring the interference of this court. The other judges concurring, the judgment of the court below is affirmed.