State v. Miller.

———+●●●+———

THE STATE, Appellant, v. MILLER, Respondent.

1. In an indictment under the act to license and tax merchants, (R. C 1845, p. 737,) for dealing as a merchant without a license, it is not necessary to state the name of the person to whom, or the price for which, the merchandise was sold.

*Appeal from Stoddard Circuit Court.*

The defendant, Miller, was indicted for dealing as a merchant without a license. The indictment is as follows : "The grand jurors, &c., do present that John Miller, late of the county of Stoddard, in the said state of Missouri, on the first day of March, A. D. 1854, at the county of Stoddard, in the said state of Missouri, did then and there, at a certain store, stand or place occupied for that purpose, deal in the selling of goods, wares and merchandise, not the growth, produce or manufacture of the state of Missouri ; to-wit, he, the said John Miller, did then and there sell one-half pound of black pepper, one-half pound of alspice, and ten pounds of sugar, without then and there having any license first had and obtained, authorizing him so to do, against the peace and dignity," &c.

*H. A. Clover*, (circuit attorney,) for the State.

SCOTT, Judge, delivered the opinion of the court.

This is an indictment for dealing as a merchant without license, omitting to state the price of the merchandise sold, and

the person to whom it was sold. The indictment was quashed, we suppose, for that reason, as from the generality of the cause contained in the motion to quash we are left to conjecture as to the precise motive which influenced the action of the court. We have frequently condemned the practice of quashing indictments prevailing in the circuits, where the motion to quash is substituted for a demurrer. This court will not reverse a judgment of the Circuit Court refusing to quash an indictment, as it is discretionary with the court whether it will quash or leave the party to his demurrer, which latter course has at least the advantage that it renders unnecessary a bill of exceptions. The point on which this cause seems to have turned in the court below, as above stated, was decided by this court in the case of the State v. Ladd, 15 Mo. 430. The doctrine in that case has since been repeatedly recognized and acted upon, which is, that in an indictment for selling liquor without license, the name of the person to whom sold and the price are immaterial. The other judges concurring, the judgment will be reversed, and the cause remanded.