The State, Respondent, v. Spain, Appellant.

1. In an indictment for selling liquor without a license it is not necessary to state to whom the sale was made, or that it was made to some person or persons to the jurors unknown.

*Appeal from Webster Circuit Court.*

*Waddell*, for appellant.

I. The indictment is defective. It does not state to whom the liquor was sold; nor does it say to some person to the jurors unknown.

*Knott*, (attorney general,) for the State.

I. The name of the person to whom the liquor was sold need not be stated in the indictment. (Page v. State, 6 Mo. 205; State v. Ladd, 15 Mo. 430; State v. Miller, 24 Mo. 532.)

Ewing, Judge, delivered the opinion of the court.

This was an indictment for selling liquor without license, and the question here is as to the sufficiency of the indictment. The objection is, that it omits to aver to whom the sale was made, or that it was made to some person or persons to the jurors unknown. This point was decided by this court in The State v. Ladd, 15 Mo. 432, and the omission to name any person in the indictment held to be immaterial. The offence consists in the sale of liquor without license in the prohibited quantity; and as there could be no sale without a purchaser, the name of the purchaser is in no sense descriptive of the offence, and need not, therefore, be stated.

Neither is it necessary to aver the sale to be made to a person or persons to the jurors unknown, when no one is named; for if such an averment is made, and it is proved that the persons who purchased the liquor were known to the jury, this constitutes no variance, and the averment is mere surplusage. The doctrine of this case (State v. Ladd) has been repeatedly recognized by this court in other cases. (Page v. State, 6 Mo. 205; State v. Miller, 24 Mo. 532.) The judgment will be affirmed, the other judges concurring.