THE STATE *Appellant*, v. JAQUES.

1. **Selling Liquor without License.** An indictment for selling liquor without a license, need not state the name of the person to whom or the place at which the sale was made. *State v. Spain*, 29 Mo. 415, and other cases.

2. ———: DRUGGIST: CRIMINAL PLEADING. An indictment under Wag. Stat. of 1872, sec. 2, p. 549, for selling liquor without license, need not negative the existence of those facts, which by the act of 1874 (Sess. Acts, p. 46) authorize a druggist to sell without a license. If the defendant was a druggist, and as such, authorized to make the sale for medicinal purposes, that was matter of defense. It is never necessary in an indictment under a statute to negative the exceptions contained in a subsequent statute.

*Appeal from Bollinger Circuit Court.*—HON. J. B. ROBINSON. Judge.

This was indictment charging the defendant with having unlawfully and directly sold intoxicating liquors in less quantities than one gallon, to-wit: one pint of whisky, without having taken out a license as a dramshop keeper, and without having any legal authority to make such sale, against the provision of the statute, &c. To this indictment a demurrer was interposed, alleging as grounds of objection that it was founded on section 1, page 46, Acts 1874, and did not negative the fact that the liquor was sold for medicinal purposes upon the written prescription or certificate of a regular, practicing physician, and that it did not give the name of the person to whom it was sold, nor state the place where it was sold. The demurrer was sustained and judgment was rendered for the defendant, from which the State appealed.

*J. L. Smith*, Attorney-General, and *J. H. Willson* for the State.

*Madison R. Smith* for respondent.

HENRY, J.—The objections to the indictment, that it

The State v. Jaques.

does not allege to whom or at what place the liquor was
1. SELLING LIQUOR sold, are met by the cases of the *State v. Spain,*
WITHOUT LICENSE. 29 Mo. 415 ; *State v. Ladd,* 15 Mo. 432; *State
v. Fanning,* 38 Mo. 359; *State v. Melton,* 38 Mo. 369, in
which it was held that those allegations are not indispensa-
ble to a good indictment. The *State v. Neales,* 10 Mo. 500,
and *Austin v. The State,* 10 Mo. 591, to the contrary, have
long since been overruled.

The only remaining question is, whether the indict-
ment is defective in failing to negative the existence of
2. ——: druggist: those facts, which, by the act of March 26th,
criminal plead-
ing 1874, authorized a druggist to sell intoxicat-
ing liquors in less quantities than one gallon. The second
section of the General Statutes, (Wag. Stat., § 2, p. 549,)
in relation to dramshops, prohibits every person from sell-
ing intoxicating liquors in any quantity less than one
gallon, without taking out a license as a dramshop keeper.
The act of 1874 makes exceptions to the general law.
The indictment is drawn under the second section of the
act in relation to dramshops, and not under the act of
1874. How was the court to know that defendant was a
druggist? He was not indicted as such, and if he sold the
liquor as a druggist, under circumstances which authorized
the sale, that was a matter of defense. It was expressly
averred that he had not taken out a license as a dramshop
keeper, and had no legal authority whatever to sell. This
has been repeatedly held a sufficient negation of any
special or general authority to sell, other than that ex-
pressly negatived. *Austin v. The State,* 10 Mo. 591; *State
v. McBride,* 64 Mo. 365, and cases *supra.* The exceptions
or provisos contained in the same act need not be nega-
tived, unless named in the section creating the offense.
*State v. O'Gorman, ante,* p. 179, and authorities there cited.
The same doctrine applies where the exceptions are con-
tained in a subsequent act. There is no foundation for the
position that the second section of the act in relation to
dramshops was repealed by the act of 1874. The demur-

rer to the indictment should have been overruled, and the judgment is reversed and the cause remanded. All concur.

REVERSED.