(February 17, 1885.)

## PEOPLE v. KUOK WAH CHOI.

[6 Pac. 112.]

CHALLENGING JUROR—PRACTICE—CRIMINAL LAW.—Under our Criminal Practice Act the method of impaneling a trial jury in a criminal action is different from that of impaneling a trial jury in a civil case under our Code of Civil Procedure. In a criminal action the court may require the parties to exercise all their challenges peremptorily, or for cause, and the juror, if accepted, be sworn to try the cause as each juror appears and before another is called, or may, in its discretion, allow the clerk to draw

from the box twelve names before any challenges are interposed, and after these are examined for cause and passed upon draw others to take the place of those excused and allow the parties to examine and pass upon all thus called before exercising their peremptory challenges, provided that in case of recess or adjournment, the peremptory challenges be exercised as to those passed and accepted for cause at the time of taking recess or adjournment, and those not excused be sworn to try the cause and thus placed under the control of the court.

SAME.—The court may, for good cause shown, permit a challenge, either peremptory or for cause, to be taken after a juror is sworn and before the jury is completed.

(Syllabus by the court.)

APPEAL from District Court, Alturas County. Affirmed.

G. L. Waters, for Appellant.

The court erred in compelling the defendant to exercise his peremptory challenge when the first juror in said case was called and sworn; to the ruling of said court defendant by his counsel then and there excepted. The court erred in not permitting the defendant to exercise his peremptory challenge upon the juror, Henry Swanholm, who was called and sworn in said case. The court erred in refusing to permit the defendant to exercise his peremptory challenge to the juror, J. W. Hodgman, who was peremptorily challenged by defendant when twelve jurors were in the box and while defendant had ten peremptory challenges left him to exercise. (*People v. Scroggins,* 37 Cal. 676; *People v. Jenks,* 24 Cal. 11; *People v. Kohle,* 4 Cal. 198; *People v. Ah You,* 47 Cal. 121.)

Huston & Gray, for Respondent.

The only question raised upon this appeal is as to the manner of impaneling the trial jury. Appellant relies upon section 313 of the Criminal Practice Act, which provides that: "The trial juries for criminal actions shall be formed in the same manner as trial juries in civil actions"; but a reference to the provisions of the Criminal Practice Act and the Code of Civil Procedure in relation to the impaneling of trial juries will show a radical difference, not only as to the manner, the grounds of challenge, the number of challenges, precedence in

challenge, but in many other particulars. Again, if section 313 of the Criminal Practice Act of Idaho was ever susceptible of such a construction as is claimed for it by appellant, we submit that it is done away with by sections 109 and 111 of the Code of Civil Procedure, which distinctly provides a different method of impaneling trial juries in civil and criminal causes. It would seem as though sections 331, 332, 333 and 351 of the Criminal Practice Act were too plain to need construction.

. Per CURIAM.—The defendant was tried and convicted at the June term, 1884, in the district court in Alturas county, on a charge of murder in the first degree. He appeals from the judgment, and the order overruling his motion for new trial, and assigns as error the ruling of the court compelling him, in impaneling the trial jury, to exercise his peremptory challenges as the jurors were severally called, and before the whole number of twelve jurors were drawn, as in civil causes. Under the statutes of this territory the method of selecting, drawing, and summoning jurors is the same for both criminal and civil actions. The procuring the attendance of jurors preliminary to the trial is provided for in our Code of Civil Procedure, from sections 73-108, inclusive. Section 109 directs that when an action is called for trial such proceedings shall be had in impaneling a trial jury as are prescribed in said code; and section 111 provides that if the action is a criminal one the jury must be impaneled as provided by the statutes relating thereto. The statutes relating thereto are in the Criminal Practice Act. Sections 109 and 111 of the Code of Civil Procedure, if not contradictory, have at least the tendency to confuse the practice; but the obvious intention of the legislature was to provide different methods of impaneling juries in civil and criminal actions. This method in civil causes is specified in chapter 23 of our Civil Code; and in criminal actions, in the Criminal Practice Act, from sections 318-353, inclusive. Section 313 of the Criminal Practice Act, which provides that the trial juries in criminal actions shall be formed in the same manner as trial juries in civil actions, if it was intended to apply to the impaneling of trial juries

to that extent, was repealed by section 111 of the Code of Civil Procedure.   Section 332 of the Criminal Practice Act provides "that a challenge to an individual juror is either peremptory or for cause."   Section 333 provides that either of these challenges must be taken when the juror appears and before he is sworn to try the cause, but the court may for good cause permit either of these challenges to be taken after the juror is sworn, and before the jury is completed.   Section 377 of the Criminal Practice Act provides that in all cases, on the trial of an indictment for felony, the jurors sworn shall be kept together until finally discharged from a further consideration of the case.   Section 4 of an act amendatory thereto, approved January 22, 1881, of the eleventh session, so far modifies this section as to allow jurors to separate in the discretion of the court in the trial of felonies less than murder.

These sections clearly contemplate that in trials for murder after a juror is called he shall remain under the control of the court until he is rejected as incompetent; or, if accepted, until the termination of the trial.   The ordinary import of the language used in these sections would justify the practice of requiring the respective parties to exercise all their challenges, either peremptory or for cause, and, if accepted, that each juror be sworn to try the cause before another is called. This was the method pursued in impaneling the jury in the case at bar, and we think the exception to it is not well taken.   This method may be, and often is, so far modified in the discretion of the court as to allow the clerk to draw twelve names from the box before any challenges are interposed, and after these are examined for cause and passed upon, to allow others to be drawn to take the place of those excused, and allowing the defendant to examine and pass upon all those thus called before exercising his peremptory challenges.   We see no objection to this method, provided that in case of recess or adjournment the peremptory challenges be exercised or waived upon all those passed for cause, and those accepted be sworn to try the cause and remain under the control of the court.

The reason for this practice may be found in the necessity on the part of the government of securing jury trials as far as possible free from every suspicion of improper influences.

It often occurs that several days are occupied in impaneling a jury in important criminal cases. During this time a portion of the jury having been accepted must either be under the control of the court or allowed to mingle freely with the people in the community in which the court is held, and with those in attendance upon court, generally greatly interested in the cause about to be tried. Jurors are thus subject to various corrupt influences, and often to the necessity of hearing in advance numerous accounts and discussions of the action which they are about to try. The law-making power has attempted to guard against this evil as far as possible by placing the juror, from the time he is accepted by the respective parties and sworn, directly under the control of the court. It is claimed that this practice results in inconvenience to the juror; but mere inconvenience should not weigh against the hazard of corrupt trials. The defendant can suffer no injury by thus exercising his peremptory challenge before the jury is completed, for the statute provides that the court may, for good cause shown, permit a challenge, either peremptory or for cause, to be exercised after the juror is sworn and before the jury is completed. The cases cited in opposition to this construction are founded upon the California statutes, which provide that juries in criminal and civil cases be formed in the same manner. Our statutes provide a different method, and hence the authorities cited do not apply to the case at bar.

The legislature have modified the effect of swearing the juror to try the cause by providing, in section 4 of the act before referred to, that a jury sworn to try an indictment for any offense, except murder, may at any time during the trial, before the submission of the cause, in the discretion of the court, be permitted to separate; but this enactment does not modify the method of impaneling the jury. The appellant also assigns as error the admission of the statement of defendant before the committing magistrate at the time of his preliminary examination. The objection to this evidence was not distinctly made, nor was any exception taken to its admission. It is an established principle in practice that when evidence is admitted under objections, and no exception is taken to the ruling of the court, the objection is waived. (*Turner v. Water Co.,* 25 Cal. 398.)

We are able to find no error in the record, and the judgment is therefore affirmed.

Morgan, C. J., and Buck and Broderick, JJ., concurring.