STATE OF MISSOURI, Appellant, v. M. L. SMITH, Respondent.

Kansas City Court of Appeals, January 14, 1895.

1. **Criminal Procedure:** PRACTICING MEDICINE: INDICTMENT. An indictment for practicing medicine without having a certificate recorded in the county, need not give the name of the individual treated.

2. ———: ———: ———. An indictment that charges that the defendant did practice medicine, etc., need not state further that the defendant professed publicly to be a physician, or that he appended to his name the letters M. D.

3. ———: ———: ———. Where a statute defining a public offense by proviso exempts a class from its operation, it is not necessary that the indictment negative the proviso, but such exemption must be insisted upon by way of defense.

*Appeal from the Pettis Criminal Court.*—HON. JNO. E. RYLAND, Judge.

REVERSED AND REMANDED.

*Louis Hoffman* for appellant.

(1)   The offense with which the defendant is sought to be charged is a statutory offense, purely and simply. See Revised Statutes of 1889, secs. 6871 to 6882. And all that is required in such cases is that the indictment employ the phraseology of the statute, which defines and creates the offense, all of which is done in the indictment in this cause. See Kelley's Cr. Law and and Pr. [2 Ed.], sec. 187; *State v. Rœhm,* 61 Mo. 82; *State v. James,* 63 Mo. 570; *State v. Addock,* 65 Mo. 590; *State v. Slogsdale,* 67 Mo. 630; *State v. Tessig,* 74 Mo. 72; *State v. Davis,* 70 Mo. 467; *State v. Anderson,* 81- Mo. 78; *State v. McDaniel,* 40 Mo. App. 356. (2)   The indictment need not employ the precise words of the statutes. If it uses substantially the words of the statutes, or words of equivalent meaning, it is sufficient. Kelley's Cr. Law and Pr. [2 Ed.], sec. 187; *State v. DeLay,* 30 Mo. App. 357; *State v. Ware,* 62 Mo. 597; *State v. Watson,* 65 Mo. 115; *State v. Hynes,* 39 Mo. App. 569. (3) The second ground of the motion to quash is not well taken, for the reason that the first clause of section 6879 of the Revised Statutes of 1889 does simply provide what shall be proper and competent evidence to show that a person is practicing medicine, within the meaning of that article, and need therefore not be pleaded. (4) The exceptions and provisos contained in article 1, of chapter 110, of the Revised Statutes of 1889, relating to medicine and surgery, need not be denied and specially pleaded in the indictment, for the reasons: *first,* they are found in

separate and distinct clauses and parts of the statutes, disconnected from that which describes the offense; and, *second*, because all the exceptions and provisos relate to a class, and the exemptions therein contained must be insisted on by way of defense, and need not be denied in the indictment. Wharton's Crim. Law, [7 Ed.], sec. 378; Kelley's Cr. Law and Pr. [2 Ed.], sec. 193; *State v. Batson*, 31 Mo. 343; *State v. Cox*, 32 Mo. 566; *State v. Sheflett*, 20 Mo. 415; *State v. Elam*, 21 Mo. App. 290; *State v. Seal*, 47 Mo. App. 603; *State v. O'Brien*, 74 Mo. 549; *State v. O'Gorman*, 68 Mo. 179. (5) The indictment need not give the name of any person for whom defendant prescribed. *State v. Miller*, 24 Mo. 532; *State v. Fanning*, 38 Mo. 359; *State v. Rogers*, 39 Mo. 431; *State v. Jaques*, 38 Mo. 260.

*B. E. Kennedy* and *W. B. Steele* for respondent.

GILL, J.—In this case, the sufficiency of the following indictment is drawn in question:

"In the criminal court of Pettis county, Missouri, April term, 1892.

"STATE OF MISSOURI, ⎫
⎬ ss.
"County of Pettis. ⎭

"The grand jurors for the state of Missouri, duly empaneled, sworn and charged to enquire within and for the county of Pettis, and state aforesaid, upon their oath present and charge, that heretofore, to wit: On the first day of April, 1892, at the county of Pettis, and state of Missouri, one M. L. Smith did unlawfully practice medicine by then and there prescribing for and treating the sick without first having recorded in 'the office of the county clerk of Pettis county, Missouri, the county in which the said M. L. Smith resides, a certificate issued by the Missouri state board of health,

authorizing him to practice medicine, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state.

"GEORGE F. LONGAN,

"Prosecuting Attorney of Pettis County, Missouri."

The defendant filed in the court below a motion to quash this indictment, basing the same on these grounds: *First*, because it did not specify any person for whom defendant prescribed; *second*, because it was not charged that defendant professed publicly to be a physician or had appended to his name the letters M. D.; *third*, because it was not alleged that defendant had not been practicing medicine in this state five years before the law under which he was indicted went into effect, etc.

This motion was sustained, and from a judgment quashing the indictment the state has appealed.

In the absence of any brief in defendant's behalf, we are left to conjecture as to the particular ground or grounds on which the motion to quash was sustained. It seems to us that the prosecuting attorney has, in a very satisfactory manner, met every objection appearing on the face of the motion.

(1)   As to the first ground on which the indictment is assailed, it is well settled that the indictment need not name the particular individual treated or prescribed for.   *State v. Ladd*, 15 Mo. 430; *State v. Miller*, 24 Mo. 532; *State v. Jaques*, 68 Mo. 260; *State v. Houts,* 35 Mo. App. 265.

(2)   The second objection, set out in the motion to quash is equally untenable.   Section 6879, Revised Statutes, 1889, contained in the article relative to the practice of medicine, etc., provides, that "any person shall be regarded as practicing medicine within the meaning of this article, who shall profess, publicly, to be a physician, and to prescribe for the sick, or who

shall append to his name the letters "M. D.," etc. This is simply a provision relating to the force and competency of certain evidence and need not be pleaded.

(3)   In the year 1883 this law was enacted providing for the qualification of persons practicing medicine in the state, for examination before the state board of health, from whom the party should receive a certificate, etc., and which should be recorded in the office of the county clerk. R. S. 1889, secs. 6871 to 6892. In section 6881 penalties are provided for the violation of the same, closing with the proviso, "that the provisions of the article shall not apply to those persons who have been practicing medicine for five years in this state." By the third clause in defendant's motion to quash, objection is made that the indictment did not negative this proviso and was faulty in not declaring that defendant did not come within this exception. This position is not maintainable. In *State v. O'Brien*, (74 Mo. 549) it is said, that "whenever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged. But where, as in this case, the section which defines the offense contains a proviso exempting a class therein referred to from the operation of the statute, it is unnecessary to negative the proviso, but the exemption therein contained, must be insisted on by way of defense by the party accused." See also *State v. Crenshaw*, 41 Mo. App. 24; *State v. Seal*, 47 Mo. App. 603.

We fail to discover any fault, substantial or otherwise, in this indictment. The defendant was charged with a statutory offense and practically, too, in the words of the statute. The trial court erroneously sustained the motion to quash. Its judgment then must be reversed and the cause remanded. All concur.