STATE OF MISSOURI, Respondent, v. GEORGE W. HERD, Appellant.

St. Louis Court of Appeals, February 12, 1895.

Criminal Law: INFORMATION FOR SALE OF INTOXICATING LIQUORS WITHOUT LICENSE: SPECIFICATION OF DETAILS OF SALE. An information under the act of 1891 ror the sale of intoxicating liquors, in less quantity than three gallons, by a dramshop keeper without license need not state whether the liquor was sold at retail or in the original package.

*Appeal from the Webster Circuit Court.*—HON. ARGUS Cox, Judge.

AFFIRMED.

*John S. Haymes* for appellant.

The motion to quash ought to have been sustained. Under the statute (Acts, 1891, p. 128, sec. 2), under which the defendant is indicted, it is only an offense to

sell liquor in less quantities than three gallons, in two ways, "at retail" or "in the original package." The indictment does not allege it was sold in either of these ways, and this being a criminal as well as a statutory offense, nothing is taken by intendment and the accused must be brought "perfectly within the statutory provisions." Bishop on Statutory Crimes, secs. 418, 421, 422; *State v. Gabriel*, 88 Mo. 631; *State v. Terry*, 109 Mo. 601; *State v. Austin*, 113 Mo. 538; *State v. Kirly*, 115 Mo. 440. The same strict rule is applied, in this state, to indictments for selling liquor. *State v. Fanning*, 38 Mo. 409; *State v. Ryan*, 30 Mo. App. 159; *State v. Greenhagen*, 36 Mo. App. 24; *State v. Baskett*, 52 Mo. App. 389. And see, further, *Arrington v. Commonwealth*, 10 Lawy. Ann. Rep. 242. At all events, the legislature has certainly made a distinction in the different modes in which the offense may be committed; that is, it may be either by sale at retail, or in the original package; and the defendant had the right to know which he was required to defend against. Bishop on Criminal Procedure, 507; *State v. Martin*, 44 Mo. App. 45; *State v. Terry*, 109 Mo. 601, and cases cited.

*D. M. Rush* for respondent.

The indictment charges the sale of intoxicating liquor in less quantity than three gallons. This, together with the further allegations therein, under the *videlicet*, that such intoxicating liquor was sold by the pint, is sufficient. The gist of the offense is the selling in less quantity than three gallons. *State v. Fanning*, 38 Mo. 409. The indictment need not follow the language of the statute in describing the offense, but may use words which, in their common acceptation, mean the same thing when spoken of the acts charged against the accused. *State v. Clawson*, 30 Mo. App.

139; *State v. Dongolensky*, 82 Mo. 44; *State v. Watson*, 65 Mo. 115; *State v. Williamson*, 21 Mo. 496; 10 Am. and Eng. Encyclopedia of Law, page 573; *State v. Hynes*, 39 Mo. App 569; *Dolan v. State*, 23 N. E. Rep. 761; *Nicholas v. State*, 26 N. E. Rep. 839.

BIGGS, J —The defendant was indicted and convicted of the offense of selling intoxicating liquors in less quantity than three gallons without having a license as a dramshop keeper. The circuit court overruled a motion to quash the indictment. Of this the defendant complains. The ground of the motion is that the indictment failed to allege whether the liquor was sold at retail or in the original package.

The law of 1891 (Acts, 1891, p. 128, section 2) provides that "no person shall, directly or indirectly, sell intoxicating liquors in any quantity less than three gallons, *either at retail or in the original package*, without taking out a license as a dramshop keeper." The words in italics appear as an amendment to the old law.

The contention is that, under the law as amended, the offense of selling intoxicating liquors can only be committed in two ways, and that, as the present indictment failed to allege the commission of the offense in either way, it did not fully advise the defendant of the precise charge against him. We do not think there is any merit in this. The indictment charged that the defendant "did unlawfully sell intoxicating liquors in less quantity than three gallons, to wit: One pint of alcohol   *   *   *   without taking out or having a license as a dramshop keeper," etc.

Now, if the defendant sold intoxicating liquor in the quantity charged, he either sold it at retail—that is at second hand—or in the original package. He could have sold it in no other way. In either event he could

only escape conviction by exhibiting a license as a dramshop keeper. Then wherein was the necessity of advising him of the mode and manner of the sale? There was none that we can see. As well might he claim that he should be advised of the name of the person to whom the liquor was alleged to have been sold. This has been expressly held to be unnecessary, and the ruling might well be sustained on the ground that such information is not necessary to enable the accused to make his defense against such an accusation. *State v. Ladd*, 15 Mo. 430; *State v. Spain*, 29 Mo. 415; *State v. Jaques*, 68 Mo. 260. The sole object of the amendment was to make the sale of intoxicating liquor in less quantity than three gallons unlawful, whether sold in broken or *original packages*, unless the seller had a dramshop license.

In our opinion the indictment was sufficient, and the circuit court did right in refusing to quash it. The judgment will, therefore, be affirmed. All the judges concur.