STATE OF MISSOURI, Respondent, v. CURT-
WRIGHT, Appellant.

St. Louis Court of Appeals, December 29, 1908.

CRIMINAL PRACTICE: Indictment: Selling Liquor: Naming Pur-
chaser. An indictment for selling intoxicating liquors in vio-
lation of the Dramshop Act need not give the names of the
purchasers of the liquor sold.

Appeal from Monroe Circuit Court.—*Hon. David H.
Eby*, Judge.

AFFIRMED.

GOODE, J.—Defendant was indicted in three
counts for selling intoxicating liquors without having
a license as a dramshop keeper or any legal authority
to sell the same. He was convicted on the second and
third counts. As to the first one, a *nolle prosequi* was
entered. The evidence was sufficient to establish the
sales of whisky and beer were made; that defendant had
no license as a dramshop keeper, and that the liquors
were not sold pursuant to the prescription of a physi-
cian. The point is made generally in the brief for
defendant that the instructions given by the court did
not properly declare the law, but in what respects they
were deficient is not stated, nor do we find any error
in them. The main contention is that the second and
third counts in the indictment did not specify the names
of the parties to whom the liquors were sold. Appel-
lant's brief says on this point:

"We know the courts have frequently held an in-
dictment good where the purchaser's name is omitted
in prosecutions for the violation of the dramshop law,
but we do not know of a case where under an indict-
ment and all the evidence taken together as the facts
show in this case, the court has permitted such actions
as was had in this case.

We cannot tell what error is assigned in connection with the omission of the names of the purchasers from the indictment. Who the purchasers were was positively proved and by competent evidence. It seems to be the law that an indictment for selling intoxicating liquors in violation of the dramshop statutes, need not give the names of the purchasers. [State v. Spain, 29 Mo. 415; State v. Jaques, 68 Mo. 260; State v. Heibel, 116 Mo. App. 43.] This rule is criticised by Judge SHERWOOD and some decisions inconsistent with it pointed out. [Sherwood, Comm. on Crim. Law, pp. 644, et seq.]

Error is assigned in connection with the mode in which the grand jury which found the indictment was summoned. Defendant did not bring up to this court the record showing how this was done, and we cannot examine the assignment.

A point is made against certain remarks of the prosecuting attorney in his closing argument as not being justified by the evidence. The prosecuting attorney did not go outside the testimony and, moreover, no objection was made or exception saved at the time to what he said.

The judgment is affirmed. All concur.