# STATE OF MISSOURI, Respondent, v. WALTER LEONARD, Appellant.

### Kansas City Court of Appeals, December 18, 1916.

1. **CRIMINAL LAW: Intoxicating Liquors: Information: "Keep for Another."**  In prosecutions for the sale of intoxicating liquor the name of the person to whom the liquor is sold is immaterial that not being an element of the offense.  For the same reason, in prosecutions for keeping intoxicating liquor for another, the name of the person for whom the liquor was kept is not material.  It is not like the offense of larceny where the right of the owner is affected and hence the name of such owner must be stated in order to completely state the offense.

2. ———: ———: ———: **Variance: Surplusage.**  Where the information charged the keeping was for "John Doe, whose true name was unknown" and the evidence showed that the man for whom it was kept was John Medley, the variance, if any, was no ground for reversal unless the trial court finds that such variance was material to the merits and prejudicial to the defense, pusuant to Sec. 5114, R. S. 199.  And in such case the charge that it was kept for a person unknown could be treated as surplusage, so that the information is not invalid because it does not state the name of the person for whom the liquor was kept.

3. ———: ———: **Where Keeping for Another is Unlawful.** Section 7227, R. S. 1909, forbidding the keeping, storing for or delivery to another of intoxicating liquor in local option counties, applies to towns of 2500 inhabitants which have local option and are in a county that has adopted it.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

E. B. *Silvers* for appellant.

D. C. *Chastain* for respondent.

TRIMBLE, J.—Defendant was prosecuted under an information which, after alleging that the city of Butler in Bates county, Missouri, was a city of more than 2500 inhabitants and the Local Option Law was in force therein, charged that "Walter Leonard, in said city of Butler aforesaid, did then and there unlawfully keep for, store for and deliver to one John Doe, who(se) true name is unknown, intoxicating liquor, to-wit, twenty-four pint(s) of whiskey without then and there having any authority so to do and against the peace and dignity of the State.".

A jury was waived and the case was tried by the court. The trial resulted in the court finding the defendant guilty of keeping liquor for another, and his punishment fixed at imprisonment in the county jail for six months. Defendant has appealed.

There is no question but that the evidence clearly shows that the defendant, a negro, knowingly kept intoxicating liquor for another person. The defendant offered no testimony, and it is not claimed that the evidence was not sufficient to show keeping for another.

The defense is that in a prosecution for the offense of keeping liquor for another, the particular person for whom it is kept is as essential an element of the offense as is the ownership of property in the case of larceny, and that, therefore, the information is bad since a fictitious name of the person for whom the liquor is kept is not a

sufficient description of the offense. Point is also made that in this case the proof showed that the liquor was kept for one, John Medley, and that there is a fatal variance on this account.

In prosecutions for the *sale* of intoxicating liquor it is well settled that the name of the one to whom the liquor is sold is immaterial, the person to whom it is sold not being an element of the offense. [State v. Curtwright, 134 Mo. App. 588; State v. Haney, 151 Mo. App. 251; State v. Spain, 29 Mo. 415; State v. Jaques, 68 Mo. 260; State v. Ladd, 15 Mo. 430.] It would seem that, in reason, the same rule would apply in a prosecution for keeping liquor for another. The word sale, *vi ex termini,* includes a person to whom the sale is made, as much so as the phrase "keep for another" includes such other. As noted in the Ladd case, however, the offense of larceny violates an individual right of another, namely, the owner or holder of the property, and hence the name of such other must be stated in order to completely state the offense. But the sale of liquor to another and the keeping of it for another are complete in themselves without regard to the particular person to whom the sale is made or for whom it is kept, as their rights are not violated nor involved, and thus a charge of either act is complete without naming the other person implied or included in the terms.

However, if the name of the one for whom it is kept were necessary to be stated, the information states it was kept for "John Doe whose true name is unknown." The evidence is that, at the time the information was filed, it was not known to be prosecutor whom the liquor was kept for, but at the trial it developed that the man for whom it was kept was John Medley. And if this may constitute a variance between the charge and the proof as to the person for whom the liquor was kept, it is nevertheless no ground for reversal of the case unless the court before which the trial was had finds that such variance was "material to the merits of the case and prejudicial to the defense of the defendant." [Sec. 5114, R. S. 1909; State v. Barker, 64 Mo. 282.] But the information shows

on its face that the name of John Doe is fictitious and that the true name is unknown. Hence it is the same as if the information had merely charged that defendant kept the liquor for another person unknown to the informant. And if the name of the person for whom the liquor is kept forms no part of the offense (and we hold that it does not), then the words in the information charging that it was for a person unknown can be regarded and treated as surplusage. [State v. Ladd, 15 Mo. 430, 433.] We, therefore, hold that the information is not invalid by reason of the point urged.

Finally, point is made that the statute on which this prosecution is maintained does not apply to *towns* where local option is in force but only to *counties*. The statute, section 7227, Revised Statutes 1909, is as follows:

"No person shall keep . . . for . . . another person in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever."

The evidence shows that local option was in force in the city of Butler and also in Bates county in which Butler is located. Hence the offense was committed in a town, having local option in force, which town was in a county that had adopted local option. In State v. Rawlings, 232 Mo. 544, 582, the Supreme Court's manifest holding is that section 7227 applies to towns of 2500 inhabitants which have local option and are in a county that had adopted it. Hence the point urged by defendant in his brief that the law, section 7227, does not apply to towns is untenable.

These are all the points that are presented for our consideration and relied upon in defendant's brief. They are not sufficient to call for a reversal of the case. The judgment is, therefore, affirmed. All concur.