(July 28, 1924.)

STATE, Respondent, v. C. W. BROCKMAN, Appellant.

[228 Pac. 250.]

CRIMINAL LAW—SALE OF STOCK OF INVESTMENT COMPANY FAILING TO COMPLY WITH LAW REGULATING INVESTMENT COMPANIES—"BLUE SKY LAWS"—INFORMATION—MOTION TO QUASH—MOTION TO ELECT —DEMURRER—DUPLICITY—ELECTION—NAME OF PURCHASER—BILL OF EXCEPTIONS—ASSIGNMENTS.

1. An information charging a person with the sale of stock of an investment company which has not complied with the law regulating investment companies, under the provisions of C. S., sec. 5317, need not state to whom the sale was made.

2. Where a demurrer to an information charging the sale of stock of an investment company which has not complied with the law regulating investment companies is sustained upon the ground that it does not state to whom such sale was made, and thereafter a new information is filed alleging the name of the purchaser, there is not such a new or different charge contained in the second information as would entitle defendant to another preliminary examination.

3. Where an information charges a person with selling stock of an investment company which has not complied with the law regulating investment companies and alleges that such person has failed to obtain a permit to sell stock within the state and has failed to register as required by law, and a demurrer to the information upon the ground of duplicity and a motion upon the same ground to require the state to elect are overruled, the statement of the prosecuting attorney to the effect that defendant was being prosecuted solely upon the charge of selling stock of an investment company which had not complied with the law regulating investment companies constituted an election, if the information was duplicitous, and the prosecution being followed out upon that theory by the prosecuting attorney and the trial court, the latter expressly instructing the jury that defendant was being tried upon that one charge, defendant cannot complain that he was prejudiced in this respect.

4. Assignments of error involving the action of the court in overruling an objection to the introduction of any evidence, and in its rulings upon the introduction of certain oral and docu-

mentary evidence, are not reviewable upon appeal when no exceptions thereto were taken or preserved in a bill of exceptions.

5. Where errors are assigned, if they are not discussed either in the brief or upon oral argument, and no authorities are cited in support of the assignments, they will neither be reviewed, considered nor discussed by this court.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Wallace N. Scales, Judge.

Appellant was convicted of selling stock of an investment company which had not complied with the law regulating investment companies. *Affirmed.*

Cox & Martin, for Appellant.

"It is a general rule that the name of the one injured, either in his person or property, by the act of the accused, or of one whose identity is essential to a proper description of the offense, should be stated in an indictment if it is known, or if not known, a failure to state it should be excused by an averment that it is not known." (Joyce on Indictments, pp. 395, 396, par. 354.)

The same rule applies to complaints and it is essential that the complaint should describe the offense with sufficient particularity to enable the defendant to answer.

The state cannot file a complaint so general in its terms that it might be applied to any one of a thousand different offenses and thereafter file an information charging a specific offense and contend that defendant had waived his right to a preliminary hearing upon the specific offense. (*State v. Braithwaite,* 3 Ida. 119, 27 Pac. 731; *State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047; *State v. West,* 20 Ida. 387, 118 Pac. 773; *State v. Farris,* 5 Ida. 666, 51 Pac. 772; *State v. Fields,* 70 Kan. 391, 78 Pac. 833; *State v. Jarrett,* 46 Kan. 754, 27 Pac. 146; *People v. Handly,* 93 Mich. 46, 52 N. W. 1032; *Wade v. Wade* (Okl. Cr.), 197 Pac. 180; *State v. Hoben,* 36 Utah, 186, 102 Pac. 1000; *Hanson v. State* (Tex. Cr.), 61 S. W. 120; *State v. Boulter,* 4 Wyo. 236, 39 Pac. 883.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

A complaint upon which a preliminary examination or information is based is sufficient if it designates the offense. (C. S., sec. 8706; *State v. McGreevey*, 17 Ida. 453, 105 Pac. 1047.)

The word "sale" *ex vi termini* includes a person to whom the sale is made. (33 C. J., sec. 441, p. 724, note 77; *State v. Leonard*, 195 Mo. 283, 190 S. W. 957; *State v. Wehr*, 57 Mont. 469, 188 Pac. 930; *State v. Ladd*, 15 Mo. 430; *People v. Adams*, 17 Wend. (N. Y.) 475.)

It is necessary to save an exception to the ruling of the trial court on the admissibility or inadmissibility of evidence offered in a criminal case. (C. S., sec. 9006.)

A complaint is sufficient as a basis for a preliminary examination which sets out in general terms the acts or omissions constituting the crime, although it is lacking in other averments necessary in an information. (16 C. J., p. 294, note 68; especially see case of *State v. Anderson*, 35 Utah, 496, 101 Pac. 385, cited.)

BUDGE, J.—From the record it appears that on May 24, 1922, a criminal complaint was filed in the probate court of Idaho county, charging appellant under the provisions of C. S., sec. 5317, with the crime of selling stock of an investment company which had failed to comply with the law regulating investment companies and alleging that he sold such stock without a permit authorizing him to do so, and also that since the date of the alleged offense appellant had not been usually resident within the state. Upon this charge appellant waived a preliminary hearing and was bound over to the district court. On October 2, 1922, an information was filed, the charging part of which was identical with that of the complaint. Neither the complaint nor the information alleged to whom the stock was sold. To the information appellant filed a demurrer. The cause came on for hearing on April 28, 1923, and, after argument, the court made its order sustaining the demurrer for the

reason that the information failed to allege to whom the stock was sold and also directed that the case be resubmitted with leave to the prosecuting attorney to file a new information. A recess was thereupon taken, after which a second information was filed, the charging part thereof being substantially the same as the previous one, except that it charged a specific sale to one Walter McAdams, and alleged the failure of appellant to register as required by law. A motion to quash the second information was then made by appellant upon the ground that it charged a different offense than that for which appellant was held to answer, and that on the charge contained therein he had not had nor waived a preliminary examination. This motion was overruled. A demurrer interposed to the second information was also overruled. Objection to the impaneling of a jury upon the grounds set forth in the demurrer and motion to quash was then made by appellant, which objection the court likewise overruled. Appellant then made a motion to require the state to elect whether it was prosecuting him for the crime of selling stock of an investment company which had not complied with the law regulating investment companies, or for the crime of selling stock within the state without having a permit authorizing him so to do or having registered as required by law, which motion was overruled. Objection was then made to the introduction of evidence upon the ground that the information did not state facts sufficient to constitute a public offense, and also, if it did state facts sufficient to constitute a public offense, it was another and different offense than that for which appellant was committed. This objection the court overruled. The trial then proceeded and the jury by its verdict found appellant guilty. Thereupon judgment of conviction based upon such verdict was made and entered, from which judgment this appeal is taken, the cause being before us upon bill of exceptions.

Appellant specifies eighteen assignments of error. The first four attack the action of the court in overruling the motion to quash the information, in overruling the demurrer

to the information, in overruling appellant's objection to the impaneling of a jury and in overruling the motion to elect. These assignments will be considered together. This prosecution is based upon the provisions of C. S., sec. 5317, which provides as follows:

"Any person or persons, agent or agents, who shall sell, or attempt to sell the stock, bonds or other securities of any investment company, domestic or foreign, or the stock, bonds or other securities by it offered for sale, who have not complied with the provisions of this chapter, or any investment company, domestic or foreign, which shall do any business, or offer or attempt to do any business, except as provided in section 5306, which shall not have complied with the provisions of this chapter, or any agent or agents who shall do or attempt to do any business for any investment company, domestic or foreign, in this state, which agent is not at the time duly registered and has fully complied with the provisions of this chapter, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined for each offense not less than $100 nor more than $5000, or by imprisonment in the county jail for not more than 90 days, or both such fine and imprisonment, at the discretion of the court."

Appellant first contends that because the demurrer to the first information was sustained upon the ground that the person to whom the stock was sold was not alleged and therefore failed to state a public offense and that the second information charged a specific sale to one Walter McAdams, that the latter information, specifying the name of the person to whom the sale was made, should have been quashed for the reason that the same contained a different charge from that for which he was bound over to the district court and upon which charge he had not had nor waived a preliminary examination. We are therefore called upon to determine whether the charge contained in the second information was such a new or different charge that appellant was entitled to a preliminary hearing thereon. By the complaint filed in the probate court appellant was in-

formed that he was charged with selling stock of an invest-
ment company which had not complied with the requirements
of the law regulating investment companies and that the
sale was made on a certain specified day. A sale of such
stock to any person would have constituted the same crime
and it is therefore immaterial to what particular person
the stock was sold. Upon this charge he waived a pre-
liminary examination and was bound over to the district
court. The first information contained the same charge
and the only change made in the second information was
the insertion of the name of the person to whom the stock
was sold and the allegation that appellant had failed to
register as required by law. It has been held with refer-
ence to a sale of intoxicating liquor that it is not necessary
to allege to whom such liquor was sold in the absence of a
statute so requiring. (*State v. Leonard*, 195 Mo. 283, 190
S. W. 957; *State v. Curtwright*, 134 Mo. 538, 114 S. W.
1146; *State v. Haney*, 151 Mo. App. 251, 132 S. W. 55;
*State v. Spain*, 29 Mo. 415; *State v. Jaques*, 68 Mo. 260;
*State v. Ladd*, 15 Mo. 430; *Langan v. People*, 32 Colo. 414,
76 Pac. 1048; *State v. Koerner*, 103 Wash. 516, 175 Pac.
175; *Nelson v. United States*, 30 Fed. 112; *Booth v. United
States*, 197 Fed. 283; 116 C. C. A. 645; 33 Corpus Juris,
724, sec. 441.) In the case of *State v. Leonard, supra*, the
reason for the rule is stated as follows:

"The word 'sale' *ex vi termini*, includes a person to
whom the sale is made, as much so as the phrase 'keep for
another' includes such other. As noted in the Ladd Case,
however, the offense of larceny violates an individual right
of another, namely, the owner or holder of the property,
and hence the name of such other must be stated in order
to completely state the offense. But the sale of liquor to
another and the keeping of it for another are complete in
themselves without regard to the particular person to whom
the sale is made or for whom it is kept, as their rights
are not violated nor involved, and thus a charge of either
act is complete without naming the other person implied
or included in the terms."

In the case of *Page v. State,* 6 Mo. 205, it was held that an indictment for selling clocks without a license need not allege to whom the clocks were sold. By analogy it follows that it is unnecessary to allege the name of the person to whom such stock was sold and if the name of such person is contained in the information it is merely surplusage, and the filing of an information containing the name of the person to whom the sale was made would not constitute a different offense nor entitle appellant to another preliminary hearing.

The information is also attacked by the demurrer upon the ground that it charges two offenses, to wit, selling stock of an investment company which had not complied with the law regulating investment companies and the failure of appellant to comply with the law as to registration or to obtain a permit authorizing him to sell such stock within the state. Upon this ground also a motion to elect was interposed and overruled. Immediately thereafter the prosecuting attorney made the following statement:

"I will state the State construes this information to state one charge, and that charge is the selling of stock in an investment company which investment company has not complied with the law regulating investment companies. We construe the information to state that one charge, and that is what we are trying this defendant on, that charge stated in the information. And the court has ruled, as I understand it, the information states only one charge, therefore we can't elect. But I will state as we construe the information it states the charge of selling stock in an investment company which investment company has not complied with the law regulating investment companies— that is the Blue Sky Law—and to which investment company no permit has been granted under the law. That is the single sole charge that we are trying this defendant on, selling stock to one Walter McAdams in violation of that law, without the investment company having procured a permit."

If the information charged more than one offense and error was committed in overruling the demurrer and motion to elect based upon such ground, we think the foregoing statement of the prosecuting attorney sufficient to constitute an election and that appellant was tried solely upon the charge of selling stock of an investment company which had not complied with the law regulating investment companies, especially in view of the fact that no evidence was introduced to prove that appellant had not registered or procured a permit to sell such stock as required by law. In this connection it might be observed that the court expressly instructed the jury as follows:

"The state has expressly stated that it does not contend that the defendant, C. W. Brockman, was appointed an agent of the Texas Northwestern Oil Company, therefore it is immaterial whether the defendant, C. W. Brockman, had a permit authorizing the sale of said stock or not, or that the said C. W. Brockman failed to register with the Department of Commerce and Industry, but the charge is that the said C. W. Brockman sold and attempted to sell the stock of the said Texas and Northwestern Oil Company, an Idaho corporation."

It is therefore clear that the court was convinced that there was but one charge contained in the information and the prosecuting attorney made it clear that he was seeking a conviction upon that one charge. To all intents and purposes there was an election and appellant was not prejudiced. It therefore follows that there is no merit in the first four assignments of error.

In his fifth assignment of error appellant complains of the action of the court in overruling his objection to the introduction of any evidence. This assignment cannot be reviewed for the reason that no exception was saved to the ruling of the court upon this objection. (*State v. White,* 33 Ida: 697, 700, 197 Pac. 824.)

The action of the court in permitting the introduction of certain oral and documentary evidence over the objection of appellant is attacked in the sixth and eighth assign-

ments of error. No exceptions were saved to the rulings of the court upon these objections as required by C. S., sec. 9006, and the same are not properly here for review. (*People v. Kuok Wah Choi*, 2 Ida. 90, 94, 6 Pac. 112.)

The seventh assignment points out that the court erred in permitting the introduction of certain files of the Department of Finance, over the objection of appellant. The objection was based upon the ground that they were incompetent, irrelevant and immaterial and that they related to a time subsequent to the alleged offense. It appears from the record that the application of the corporation for a permit was afterwards denied and the action of the court in permitting these exhibits to be introduced did not constitute prejudicial error, these exhibits being offered for the sole purpose of establishing the fact that the corporation had not complied with the law regulating investment companies. It conclusively appears that appellant sold stock before the application was filed with the department and before the application was denied.

There is no merit in appellant's ninth assignment of error for the reasons just stated.

The tenth assignment of error is as follows:

"The court erred in permitting the introduction of each exhibit offered by the state over objection."

This assignment is too general and will not be considered inasmuch as no reasons are given specifying wherein and in what particulars their introduction was erroneous, our attention not even being called to the folios of the transcript wherein these exhibits might be found.

Assignment No. 11 questions the action of the court in permitting witness King to testify over objection that Texas and Northwestern Oil Company had received no permit. Inasmuch as the witness was deputy commissioner of the Department of Finance and the files of the department introduced in evidence conclusively show that no permit was issued, no prejudicial error was committed in permitting him to so testify.

We come now to the last seven assignments of error. These assignments were not discussed upon oral argument and are not discussed in the brief and no authorities are cited in support of such assignments. It has been uniformly held by this court that where errors are assigned, but are not discussed either in the brief or upon oral argument and no authorities are cited in support of such assignments, they will neither be reviewed, considered nor discussed by this court. (*State v. Lundhigh*, 30 Ida. 365, 377, 164 Pac. 690, and cases therein cited.)

From what has been said it follows that the judgment should be affirmed, and it is so ordered.

McCarthy, C. J., and William A. Lee, J., concur.

Wm. E. Lee, J., concurs in conclusion.