[No. 21108.   Department Two.—September 1, 1894.]

THE PEOPLE, APPELLANT, *v.* WILLIAM BRYON, RESPONDENT.

CRIMINAL LAW—COMPOUNDING FELONY—INFORMATION—KNOWLEDGE OF "ACTUAL" COMMISSION OF CRIME.—Under section 153 of the Penal Code, knowledge of the actual commission of a crime and the taking of money or property of another, upon agreement or understanding to compound or conceal such crime, are the facts necessary to constitute an offense; but there can be no knowledge of the commission of the crime unless it was actually committed, and an information charging that the crime of grand larceny was committed, and stating by whom, when, where, and how it was committed, and that the defendant, "having knowledge of the commission of said crime," took money from the person who committed it, upon the agreement and understanding that he would compound and conceal the same, sufficiently states a public offense, and the omission of the word "actual" is immaterial, and does not tend to the prejudice of a substantial right of the defendant.

ID.—FAILURE TO DEMUR TO OBJECTIONS—WAIVER OF OBJECTIONS.—Where no demurrer to an information is interposed, all objections thereto, except that the facts stated do not constitute a public offense, are waived.

APPEAL from an order of the Superior Court of Merced County, in an arrest of a judgment of conviction.

The facts are stated in the opinion.

*Attorney General W. H. H. Hart,* and *District Attorney F. G. Ostrander,* for Appellant.

*B. F. Fowler,* for Respondent.

BELCHER, C.—The respondent was charged by information with the crime of compounding a felony, and convicted. At the time set for pronouncing judgment he moved for an order in arrest of judgment, upon the grounds: "That the information in this action did not, and does not, state facts sufficient to constitute a public offense; that is, the facts stated do not constitute a public offense"; and "that said information does not substantially conform to the law in such cases made and provided." The court granted the motion, and the people appeal from the order.

No brief has been filed on behalf of respondent, and we are left to solve the questions presented without any assistance from him.

Section 153 of the Penal Code provides: "Every person who, having knowledge of the actual commission of a crime, takes money or property of another . . . . upon any agreement or understanding to compound or conceal such crime . . . . is punishable," etc.

The information charges that on or about the eleventh day of December, 1893, in the county of Merced, "one Maurice Hardy did commit the crime of grand larceny, a felony; that is to say, that at said time and place the said Maurice Hardy did willfully, unlawfully and feloniously steal and take from the person of E. O. Mickle, the sum of forty dollars, lawful money of the United States, said money being the property of, and belonging to, the said E. O. Mickle; that said William Bryon, at said time and place, and prior to the filing of this information, having knowledge of the commission of said crime by said Maurice Hardy, as aforesaid, did take and receive from the said Maurice Hardy the sum of twenty dollars, lawful money of the United States, upon the agreement and understanding, willfully, unlawfully, and feloniously made and entered into with the said Maurice Hardy, that he, the said William Bryon, would compound and conceal the crime which had been committed as aforesaid by said Hardy, contrary," etc.

The Penal Code contains the following provisions in regard to indictments and informations:

"Sec. 950.  The indictment or information must contain . . . .

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

"Sec. 959.  The indictment or information is sufficient if it can be understood therefrom . . . .

"6. That the act or omission charged as an offense is clearly and distinctly set forth in ordinary and concise

language without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

"7. That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the rights of the case."

"SEC. 960. No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

No demurrer to the information was interposed, and all objections thereto mentioned in section 1004, except that the facts stated did not constitute a public offense, were waived. (Pen. Code, secs. 1012, 1185.)

The only question then is: Did the information state facts sufficient to constitute a public offense?

The facts necessary to constitute an offense under section 153 of the Penal Code are:

Knowledge of the actual commission of a crime, and the taking of money or property of another upon an agreement or understanding to compound or conceal such crime.

The information charges that the crime of grand larceny was committed by Hardy, and states when, where, and how it was committed. It then charges that the respondent, "having knowledge of the commission of said crime," took money from Hardy upon the agreement and understanding that he would compound and conceal the same.

It is true the information does not say "having knowledge of the *actual* commission of said crime"; but if the crime was committed, it was *actually* committed, and if respondent had knowledge of its commission, he had knowledge of its actual commission. The omission of the word "actual" was therefore immaterial.

In our opinion the information was sufficient to meet all the requirements of the code, and there was no valid ground for an order arresting the judgment.

We advise that the order appealed from be reversed, and the cause remanded for further proceedings.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed, and the cause remanded for further proceedings.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.