STATE, RESPONDENT, *v.* WEHR, APPELLANT.

(No. 4,507.)

(Submitted March 2, 1920. Decided March 29, 1920.)

[188 Pac. 930.]

*Criminal Law—Intoxicating Liquors—Information—Sufficiency —Demurrer—Waiver—Motion in Arrest—Appeal—Technical Errors.*

Criminal Law—Information—Demurrer—Waiver—Motion in Arrest.
    1. The objection that the information does not state facts constituting a public offense is not waived by failure to demur, but may be raised by motion in arrest of judgment.

Intoxicating Liquors—Sale—Information—"Dispose of"—Sufficiency.
    2. *Held,* that an information charging that defendant knowingly, willfully and unlawfully "disposed of" intoxicating liquors was sufficient to state a public offense, though it did not set forth that they were disposed of to some person or entity, the term "disposed of"

For authorities passing on the question as to whether indictment or information for unlawful sale of intoxicating liquor must state name of person to whom sale is made, see note in 23 L. R. A. (n. s.) 581.

in connection with the words qualifying it excluding an act which by law is innocent, and importing a disposition of the liquors to some person or entity as fully as does the word "sale."

Criminal Law—Appeal—Technical Errors.

3. Under Revised Codes, section 9415, the supreme court will not reverse a judgment of conviction on account of technical errors or defects in the information, where defendant was fully advised of the nature of the charge against him to enable him to prepare to meet that charge, and his substantial rights were not affected by the defect.

*Appeal from District Court, Hill County; W. B. Rhoades, Judge.*

CHRIS WEHR was convicted of unlawfully disposing of intoxicating liquors, and appeals. Affirmed.

*Mr. Victor R. Griggs,* for Appellant, submitted a brief and argued the cause orally.

The only specification of error and the only question raised by the defendant upon this appeal is that the information upon which the defendant was tried and convicted does not state facts sufficient to constitute a public offense, because the information does not allege that the defendant disposed of intoxicating liquor to any person, persons, association or corporation, it merely stating that the defendant, "unlawfully disposed of certain liquor, to-wit, whisky."

It is a well-settled rule of criminal pleading, that an information must allege every material fact going to constitute the offense charged, with precision and certainty and cannot be aided by intendment. (14 R. C. L., sec. 23; *United States* v. *Cook,* 84 U. S. 168, 21 L. Ed. 538; *United States* v. *Reese,* 92 U. S. 214, 23 L. Ed. 563; *United States* v. *Cruikshank,* 92 U. S. 542, 32 L. Ed. 588; Cook's Criminal Procedure, 155; 1 Bishop's New Criminal Procedure, sec. 646; *State* v. *Keerl,* 29 Mont. 508, 101 Am. St. Rep. 579, 75 Pac. 362; *State* v. *Lester,* 127 Minn. 282, L. R. A. 1915D, 201, 149 N. W. 297.)

Under Chapter 175, Laws of 1917, what are the necessary ingredients of the offense, attempted to be alleged in this action? In order to constitute the offense under this statute as

attempted to be set forth, the defendants must (a) sell, exchange, give, barter or dispose of (b) ardent spirits, or any compound thereof, capable of use as a beverage, or any ale, beer, wine or any intoxicating liquor of any kind, (c) to some person, persons, association or corporation (d) in the state of Montana, and unless all four of the above ingredients are alleged, it is the contention of the appellant that the information is absolutely defective.

The defendant was not charged with "selling," "exchanging," "giving" or "bartering," but was charged with "disposing of certain intoxicating liquors, to-wit, whisky," and was not charged with disposing of certain intoxicating liquors, to any person, persons, or association or corporation, so that one of the principal ingredients, in fact the very gist of the crime of disposing of intoxicating liquor, was not alleged in the information. The gist of this action is not the disposing of the intoxicating liquor in question, but the disposing thereof to some person, persons, or association or corporation.

The fact that the information herein alleges that the defendant "unlawfully" disposed of the intoxicating liquor in question does not make the information sufficient. The supreme court of California in the case of *Going* v. *Dinwiddie,* 86 Cal. 633, 25 Pac. 129, held that where a pleading alleged a certain act to be "unlawful," but omitted in the pleading the facts showing said act to be unlawful, the use of the word "unlawful" does not supply the omitted facts. In the case of *Grant* v. *Williams,* 54 Mont. 428, 171 Pac. 276, this court cites the above case with approval, and says: "The most extravagant use of the terms 'wrongfully' and 'unlawfully' will not relieve the pleader of the necessity of stating facts upon which issues may be joined." Both of these cases are civil cases, and if such a rule is adhered to in civil cases, there is all the more reason for such a rule in a criminal action.

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. Carl E. Cameron,* for the State, submitted a brief; *Mr. Cameron* argued the cause orally.

Must the charge in the information show that the liquor was sold, exchanged, given, bartered and disposed of to some person, persons or association or corporation? A detailed examination of the authorities discloses no cases on the identical question in issue, and the appellant has cited no decision in his brief bearing upon the proposition presented. But there is a case which is nearly parallel with the one at bar, *viz., Winfrey* v. *State*, 133 Ark. 357, 202 S. W. 23. This case is significant in that the words "to any person, firm or corporation" are not considered to be an element of the offense of shipping or transporting alcoholic liquors to any person, firm or corporation in the state, *etc.;* but an offense is charged when the words are used together as "transport and deliver," the act evidently intended to be reached being the transportation for delivery, and when the offense is so charged, it does not constitute a fatal defect in the indictment that the words "to some person, firm, or corporation" were omitted.

Several of the statutes of those states which have adopted prohibition contain provisions similar to section 14 of our Enforcement Act, to the effect that in prosecutions for violation of the liquor laws it shall not be necessary to name the person to whom the sale was made, the constitutionality of which have been questioned and upheld, while the statutes of other states merely provide that it shall be unlawful to sell or otherwise dispose of intoxicating liquors, in the most of which, though there is some conflict of opinion, the rule seems to have been rather uniformly followed that it shall not be necessary to state the name of the person through or by whom the transaction was completed. (*State* v. *Koerner*, 103 Wash. 516, 175 Pac. 175.) This case approves and follows *Fletcher* v. *Commonwealth*, 106 Va. 840, 56 S. E. 149, which uses the following language: "The gist of the offense is the unlawful sale, and the name of the person to whom it was made is immaterial." (See *State* v. *King*, 92 Kan. 669, 141 Pac. 247; *State* v. *Wilbur*, 85 Or. 565, 166 Pac. 51, 167 Pac. 569; *Lea* v. *State*, 64 Miss. 201, 1 South. 51; *State* v. *Haney*, 151 Mo. App. 251, 132 S. W. 55; *State* v.

*Brown,* 170 N. C. 714, 86 S. E. 1042; *Gambil* v. *Commonwealth,* 142 Ky. 312, 134 S. W. 160; *Brown* v. *State,* 8 Ga. App. 691, 70 S. E. 40; *Cunningham* v. *State* (Ala. App.), 75 South. 816.)

An information, otherwise sufficient, may charge a violation of the prohibition law by the use of the words "dispose of" without qualifying the meaning further. If the rule of construction announced by sections 8099 and 9154, Revised Codes, is to be heeded, then in such a case as the one at bar it must necessarily be concluded that when a word is used which may have a variety of meanings or be capable of conveying two different ideas, that meaning must be taken from and given to the word which most comports with the sense in which the context of the statute intended it should be used. "A familiar rule of statutory interpretation is that, where general words follow particular and specific words, the former must be held to mean things of the same kind." (*Helena Light & R. Co.* v. *City of Helena,* 47 Mont. 18, 130 Pac. 446.) This rule is likewise applicable to penal statutes. (See *State* v. *Woodman,* 26 Mont. 348, 67 Pac. 1118; also, *In re Hoss' Estate,* 59 Wash. 360, 109 Pac. 1071; *State* v. *Frazier* (N. D.), 167 N. W. 510; *State* v. *Krueger,* 134 Mo. 262, 35 S. W. 604.)

If the meaning of a word is doubtful, or if it cannot be easily ascertained in what sense it was used, or what it was intended that it should signify, or the class of acts or things that it should specify, its meaning may be ascertained by reference to those words with which it was associated. (*Shelly* v. *People,* 54 Colo. 136, 129 Pac. 201; *Ex parte Cannon,* 167 Cal. 142, 138 Pac. 740.)

It seems apparent that in using the words "dispose of" it was intended to convey the idea of a transfer of title or an alienation of intoxicating liquor, regardless of the manner in which it should be accomplished; any other interpretation of the word would not give it any effect, and would render its use ambiguous and meaningless. (*Scott* v. *State,* 6 Ga. App. 332, 64 S. E. 1005.)

It is to be noted that the words "knowingly, willfully and unlawfully" used in the information in this case perform some function in a criminal pleading, and must exclude the idea that the disposition of the liquor was innocent, as contended by appellant. (*People* v. *Mead,* 145 Cal. 500, 78 Pac. 1047, 1048.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On the second day of July, 1919, the county attorney of Hill county filed an information against appellant, charging him with the crime of "disposing of certain intoxicating liquors." Appellant did not challenge the sufficiency of the information, but entered his plea of "not guilty," and on the trial was convicted. At the time set for pronouncement of judgment, counsel moved in arrest of judgment on the ground that the information does not state facts sufficient to constitute a public offense, which motion was denied. The only question raised on appeal is as to the sufficiency of the information.

1. The attorney general contends that appellant waived any [1] objection to defects in the information by failure to demur, citing sections 9353 and 9200, Revised Codes. Section 9353 reads as follows: "A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty. * * * It may be founded on any of the defects in the indictment or information mentioned in section 9200, unless the objection has been waived by a failure to demur, and must be made before or at the time the defendant is called for judgment." Among the defects mentioned in section 9200 is that "the facts stated do not constitute a public offense."

In support of his contention the attorney general cites the case of *People* v. *Mead,* 145 Cal. 500, 78 Pac. 1047, and certain Montana cases noted. While the *Mead Case* held that the defect there pointed out was waived by failure to demur, the California statutes on the subject are identical with ours, and the supreme court of that state has held that waiver of defects

by failure to demur covers all defects mentioned in this statute, except want of a statement of facts constituting a public offense (*People* v. *Bryon,* 103 Cal. 675, 37 Pac. 754; *People* v. *Ellenwood,* 119 Cal. 166, 51 Pac. 553), or want of jurisdiction (*People* v. *Matuszewski,* 138 Cal. 533, 71 Pac. 701); that failure to state an offense is such an essential matter that objection may be raised at any time during the progress of the trial. (*People* v. *Smith,* 103 Cal. 563, 37 Pac. 516), and is not waived by failure to demur (*People* v. *Nelson,* 58 Cal. 104-107).

Section 9208, Revised Codes, provides that "when the objections mentioned in section 9200 appear on the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court, * * * or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, or after the trial, in arrest of judgment."

This court has never passed directly on the question of waiver of such an objection as is here presented. In *State* v. *Mahoney,* 24 Mont. 281, 61 Pac. 647, it was held that where the objection was that the information charged two separate offenses, "the only method by which the supposed fault now urged can be taken advantage of is by a demurrer interposed under subdivision 3 of section 1922 [9200] of the Penal Code. The failure so to demur is a waiver of the objection." The objection, of course, did not come within the exception made in section 9208.

In the case of *State* v. *Tully,* 31 Mont. 365, 3 Ann. Cas. 824, 78 Pac. 760, the question raised was as to the jurisdiction of the court and would come within the exception; but the court found that "in this the contention of defendant is not sustained. Whether the failure to demur was a waiver, within the meaning of the decision in *State* v. *Mahoney,* * * * is immaterial."

In *State* v. *Van,* 44 Mont. 374, 120 Pac. 479, the court went no further than to hold that "since each count of this information is sufficient, the motion in arrest of judgment was properly

denied." And in *State* v. *Caterni,* 54 Mont. 456, 171 Pac. 284, the court found that the information was not open to the objection urged, and merely in passing stated: "A motion in arrest lies only for certain defects appearing on the face of the * * * information, not waived by failure to demur."

Section 9354, Revised Codes, provides that "The court may also, on its own view of any of these defects, arrest the judgment without motion."

The contention is therefore without merit.

2. Does the information state facts sufficient to constitute a **[2]** public offense?

The statute under which appellant was prosecuted, in so far as applicable, reads as follows: "Every person who sells, exchanges, gives, barters, or disposes of any * * * intoxicating liquor of any kind, to any person, persons or association or corporation in the state of Montana, * * * shall be guilty of a misdemeanor," *etc.* (Chap. 175, sec. 1, Laws of 1917.) The body of the information recites that the defendant did "knowingly, willfully, and unlawfully dispose of certain intoxicating liquor, to-wit, whisky, * * * " without alleging that such disposition was to any person or entity.

. Section 14 of Chapter 143 of the Laws of 1917, commonly known as the Enforcement Act, provides that "In prosecutions * * * relating to intoxicating liquors, * * * it shall not be necessary to state the name of the person to whom sold, exchanged, given away, bartered or disposed of."

Section 9156, Revised Codes, provides that "The * * * information is sufficient if" among other things. "6. * * * The act or omission charged as the offense, is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

The disposition of the liquor, contrary to the provisions of the statute, is the gravamen of the offense here charged, and it is immaterial to whom that disposition was made, so long as it was disposed of contrary to law; nor, under the provision of

the Enforcement Act quoted, was it necessary to allege to whom it was disposed of. But it is contended that, unless disposed of to some person or entity, there was no crime committed, and therefore it was necessary to allege that it was so disposed of.

Had the defendant been charged with the *sale* of liquor, it would not have been necessary to allege that the sale was to some person, for "the word 'sale' *vi ex termini,* includes a person to whom the sale is made." (*State* v. *Leonard,* 195 Mo. App. 283, 190 S. W. 957; *State* v. *Ladd,* 15 Mo. 430.) So, also, as to the allegation that defendant did unlawfully "transport and deliver" liquor, for "transport" necessarily carries with it the implication of a transfer of possession to some other person or entity, and the word "deliver" is defined by the lexicographers as "to yield possession of; to hand over." (*Winfrey* v. *State,* 133 Ark. 357, 202 S. W. 23.)

It is urged that the phrase "dispose of" would raise no such presumption, for liquor may be disposed of by its destruction, innocently, as pouring into the gutter, or giving to a sick horse, and such disposition of liquor would not be unlawful; but it must be remembered that the charge here is that the liquor was not only disposed of, but that it was disposed of "willfully, wrongfully, and unlawfully." True, counsel contends that these qualifying words have no significance and cannot aid a faulty pleading, citing the California case of *Going* v. *Dinwiddie,* 86 Cal. 633, 25 Pac. 129, and the Montana case of *Grant* v. *Williams,* 54 Mont. 428, 171 Pac. 276, where this court said: "The most extravagant use of the terms 'wrongfully' and 'unlawfully' will not * * * relieve the pleader of the necessity of stating facts upon which issue may be joined." But it will be noted, however, that both were civil cases, wherein such terms have no fixed and definite meaning; while in criminal cases they and like terms are often indispensable to a charge, and that in California, as well as in this state, such terms have their purpose in and do aid an information, will be seen from the following cases:

In *People* v. *Mead,* above, where a like contention was made, it is said: "A man who was charged with 'willfully, unlawfully, and feloniously conniving at, consenting to, and permitting' the placing of his wife in a house of prostitution, was charged with placing her there for the purpose of prostitution, and not in the innocent capacity of a cook or seamstress. The words 'willfully, unlawfully, and feloniously' must be given some effect in construing such language, and they certainly would exclude an act which by law was innocent." And in *State* v. *Allen,* 34 Mont. 403, 87 Pac. 177, this court indicated that qualifying terms have significance in pleadings in criminal cases, when it said, in holding contrary to the contention that an information did not charge intent: "The term 'feloniously' imports criminal intent, and furnishes exactly the element which counsel say is wanting."

While the term "dispose of" is sufficiently broad to cover an innocent use of or destruction of the liquor, and is defined, as urged, to mean "to get rid of; riddance of, as by removal or destruction," it is also defined as: "To transfer to the control of someone else, as by selling; to alienate; to part with, to relinquish; to bargain away." (New International Dictionary.) "To make over, to part with, as by gift, sale or other means of alienation; alienate or bestow." (Century Dictionary.)

We are of the opinion that, however faulty the information may be, when taken in conjunction with the terms "willfully, wrongfully, and unlawfully," the phrase "dispose of" imports a disposition to some person or entity as fully as does the word "sale."

All that is required in order to advise the accused of the nature of the charge against him, in accordance with his constitutional right, is that "it be set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended"; and we feel that any person "of common understanding," on reading the information before us, would know that he was charged with disposing of intoxicating liquor to some person,

persons, association, or corporation. The law does not require that he be advised as to the identity of such person or entity; had the Enforcement Act not so provided, the case might present a different aspect.

Section 9415, Revised Codes, provides that, after hearing the [3] appeal, the court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties. Here appellant was fully advised of the nature of the charge against him, in such manner as to enable him to prepare to meet that charge and as fully as the Enforcement Act required, and his substantial rights were not affected by any defect in the information, nor is it so contended. To hold the information bad would be to lay down a rule which would permit the guilty to escape punishment on technical grounds and when all his substantial rights have been protected, and this we cannot countenance.

The judgment of the district court of Hill county is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.

(Submitted March 2, 1920. Decided March 29, 1920.)