THE STATE OF MONTANA, PLAINTIFF AND APPELLANT, v. ROBERT D. MacLEAN AND GEORGE BUCKOVATZ, DEFENDANTS AND RESPONDENTS.

No. 9455.
Submitted May 16, 1955. Decided November 29, 1955.
291 Pac. (2d) 255.

Robert W. O'Donovan, County Atty., Missoula, Arnold H. Olsen, Atty Gen., C. W. Leaphart, Jr., Asst Atty. Gen., for appellant.

Dalton T. Pierson, Messrs. Smith, Boone and Rimel, Messrs. Mulroney and Mulroney, Missoula, for respondent.

Mr. Leaphart, Mr. Russell E. Smith and Mr. Thomas E. Mulroney argued orally.

MR. JUSTICE ANGSTMAN:

Defendants as sheriff and undersheriff were charged with collecting illegal fees from Missoula County by falsely representing expenses for boarding Missoula County prisoners.

The information contained 13 separate counts, each setting forth a monthly claim for a different month, and each giving an itemized list of named vagrants and the date when each was alleged to have been served meals by defendants and the number of days or fraction of days for which a charge was made for such board. Each count alleged that the part of each

claim made up of these items for alleged vagrants "had not, nor had any portion thereof been furnished Missoula County prisoners. That the alleged prisoners aforesaid, if such named inmates of the county jail in Missoula County, Montana, ever did exist, were not prisoners of Missoula County at the time or times claimed. That there are no records nor files in Missoula County courts showing that a complaint was nor had ever been filed against the alleged prisoners aforesaid on the date or dates claimed; that in fact there is nothing of record in Missoula County courts showing the alleged prisoners aforesaid were, nor had ever been committed to the said jail under process of Missoula County courts, discharged or otherwise, on the date or dates claimed."

Defendants on February 26, 1954, pleaded not guilty. Trial was set for April 5th, and on that day, but before selecting a jury, the state challenged the jury panel. The state's motion was sustained and the case reset for trial April 8th. Defendants then asked leave to withdraw their pleas in order to attack the information by demurrer. This motion was granted and each defendant filed a separate, but identical, demurrer, on grounds both general and special. The court sustained the demurrer on the general ground and overruled it as to the other grounds. The state declined to amend. Judgment of dismissal followed. The state has appealed from the judgment.

The state contends that the court erred in granting leave to withdraw the pleas of not guilty. The general rule is that whether a plea of not guilty may be withdrawn in order to attack the information by demurrer is a question addressed to the discretion of the court. 22 C.J.S., Criminal Law, section 421(d), page 648. But appellant contends that nothing was shown by defendants to move the court's discretion and hence that the court erred in allowing the plea to be withdrawn and the demurrer interposed.

"* * * where the ground of demurrer is that the indictment or information does not charge a crime, it is not improper to entertain the demurrer during the trial, nor is it prejudicial to

refuse to permit the filing of the demurrer after commencement of the trial, since the objection may be raised at any time.'' 42 C.J.S., Indictments and Informations, section 220, page 1219, note 96.

Some questions are waived by entering a plea but there is no waiver of the objection that the information fails to set forth facts sufficient to constitute a public offense. 42 C.J.S., Indictments and Informations, section 307, page 1337, and see R.C.M. 1947, section 94-6711; State v. Wehr, 57 Mont. 469, 188 Pac. 930; State v. Smith, 58 Mont. 567, 194 Pac. 131; State v. Fowler, 59 Mont. 346, 196 Pac. 992, 197 Pac. 847.

So far as the general ground of demurrer is concerned, the court did not abuse its discretion in permitting withdrawal of the plea of not guilty and the filing of the demurrer. Whether it was proper to permit other grounds to be raised by the demurrer after once entering a plea is not necessary to be decided here.

The court did not abuse its discretion in allowing the pleas to be withdrawn and the demurrers filed. In sustaining the demurrer the court's minute entry recites that the demurrers were ''sustained as to paragraph 1 of each of the demurrers and with particular reference to that portion of count 1 of the information concerning [here the court referred to the language of the information quoted above].'' Paragraph 1 of each demurrer was ''that the facts stated in the information as a whole do not constitute a public offense.'' The same ruling was made as to each count of the information.

The state contends that the particular language of the information which we have quoted above should be treated as surplusage and that the information is good without it. We do not agree with the state's contention in this respect.

The information charges that defendants presented for allow- ance to the board of county commissioners a ''certain false and fraudulent monthly report concerning board furnished Missoula County prisoners.'' This is a conclusion of law and is insufficient to state an offense unless accompanied by a state-

ment of facts upon which the charges of falsehood or fraud rest. State v. Hale, 129 Mont. 449, 291 Pac. (2d) 229.

The further allegations which we are now asked to treat as surplusage were designed to show wherein the claim was false and fraudulent. Are those allegations sufficient to show that the claim was false or fraudulent? We think not. The information does not allege that the persons for whom board was charged were not confined in the Missoula County jail. It does not allege that they were not properly confined in jail. The charge that they were not prisoners of Missoula County does not amount to a charge that they were not "prisoners confined in jail" and under the charge of the sheriff within the meaning of R.C.M. 1947, section 25-227.

Since all criminal prosecutions are made in the name of the State of Montana, R.C.M. 1947, section 94-4804, it is doubtful whether any prisoner may strictly be classified as a county prisoner. The fact too that it is alleged that no proceedings in the courts of Missoula County show that the named prisoners were committed to jail by the Missoula County courts is of no avail since the sheriff must accept federal prisoners, R.C.M. 1947, section 16-2807, prisoners from other counties, R.C.M. 1947, sections 94-5904 to 94-5906, witnesses to be used in criminal cases, R.C.M. 1947, section 16-2803, and even must hold prisoners upon demand of the executive authority of another state, R.C.M. 1947, section 94-501-7 et seq.

Likewise it is proper in this state under certain circumstances for a peace officer to make an arrest without a warrant. R.C.M. 1947, section 94-6003. Also he may make an arrest upon an oral order of a magistrate. R.C.M. 1947, section 94-6005.

It is true that when an arrest is made without a warrant the person arrested must without unnecessary delay be taken before the nearest or most accessible magistrate in the county and a complaint must be made before such magistrate. R.C.M. 1947, section 94-6016. However, if after an arrest is made without a warrant it is discovered that the person arrested has committed no crime he can be released without the filing of any complaint.

While retained in custody by the sheriff the latter must provide his board and is accordingly entitled to present a claim for so doing. If the sheriff abuses his authority in making arrests, or converts the jail into a flop house, then the county's liability to the sheriff might be affected, compare Nolan County v. Yarbrough, Tex. Civ. App., 34 S.W. (2d) 302, but there is no such allegation made in the information before us. So far as the information before us is concerned, the arrests were made in good faith, the prisoners were actually fed by the sheriff, and he properly included their board in his claim to the county.

The information does not charge directly or indirectly that the named prisoners were not legally confined in the Missoula County jail and is insufficient to constitute an offense under R.C.M. 1947, section 25-229, which is the section under which the state contends the charge is prosecuted.

The court properly sustained the demurrer to the information. Other contentions made require no consideration.

The judgment appealed from is affirmed.

MR. JUSTICES ANDERSON and DAVIS, concur.

MR. CHIEF JUSTICE ADAIR, (concurring in part and dissenting in part).

This is an appeal by the state from a judgment for the defendants on a demurrer to the information. R.C.M. 1947, section 94-8104, subd. 1.

The state specifies as error the action of the trial court (1) in permitting defendants to withdraw their pleas of "not guilty" in order to enable them to demur to the information and (2) in sustaining the general demurrer of each defendant challenging the sufficiency of the facts stated to constitute a public offense.

I concur in that portion of the majority opinion which holds the state's first specification of error to be without merit. It was neither abuse of discretion nor prejudicial error for the trial court to allow defendants to withdraw their original pleas

so as to enable them to challenge, by demurrer, the sufficiency of the information.

As to all those portions of the majority opinion which conclude, declare, rule or hold the facts stated in the information to be insufficient to constitute a public offense or to be insufficient in any particular, I dissent.

*The Law.* Chapter 131 of the Montana Session Laws of 1951, pages 225, 226, provides the fees allowable under the law to the sheriffs of the several counties of the state for the board of prisoners confined in jail under their charge.

Section 25-224 of the Revised Codes of Montana of 1947 provides:

"25-224. (4908) *Penalty for making false report.* Every officer who makes a false report of the fees received by him is guilty of a felony and punishable as provided in section 94-115."

Section 25-225 of the Revised Codes of Montana of 1947 provides: "Every sheriff who falsely represents to the board of county commissioners or board of examiners his actual traveling expenses in the performance of any official duty, or causes to be paid to him from the state or any county treasury a sum exceeding his actual expenses in the performance of such duty, is punishable as provided in sections 94-115 and 94-1517."

Section 25-229 of the Revised Codes of Montana of 1947 provides:

"25-229. (4910) *Sheriff falsely representing his expenses for boarding prisoners.* Every sheriff who *falsely represents* to the board of county commissioners the actual expenses of boarding prisoners, or for furnishing food and supplies therefor * * * or *presents* to said board *false items* in a claim * * * and every person who gives a *false item* * * * to be used by such sheriff in any claim against the county before such board, is punishable as provided in sections 94-115 and 94-1517." (Emphasis supplied.)

Section 94-1517 of the Revised Codes of Montana of 1947 provides:

"94-1517. (11334) *Sheriff falsely representing accounts.* Every person who violates any of the provisions of sections 25-225 and 25-229, relating to sheriff, is guilty of a felony."

On February 25, 1954, the county attorney of Missoula County filed in the district court of that county the information herein accusing the defendants of the crime of collecting illegal fees, aggregating $831.22, by falsely representing expenses for boarding prisoners.

The information contains thirteen separate counts. Such practice is permissible under the provisions of section 94-6407, R.C.M. 1947, which provide that, "the same offense may be set forth in different forms under different counts, and when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same counts."

The first count in the information is based upon an instrument in writing designated as "Monthly Report of the Sheriff of Missoula County, Montana Concerning the Board of Prisoners for the Month of January 1953" together with the defendant sheriff's sworn claim No. 4570 therefor, presented, allowed and then paid to the sheriff by warrant No. 24026 drawn on, and paid out of, Missoula County's general fund.

The second count is on the "Monthly Report of the Sheriff of Missoula County, Montana Concerning the Board of Prisoners for the Month of February 1953" together with the sheriff's sworn claim No. 4699 therefor and warrant No. 24202 drawn on, and paid to the sheriff out of Missoula County's general fund.

Each succeeding count in the information is based upon the sheriff's monthly report and his written claim covering a succeeding month together with the warrant drawn on the county's general fund and paid therefrom to the sheriff in payment of his claim for prisoners' board to and including count thirteen which is for the board of prisoners for the month of January 1954 being for the thirteenth consecutive month charged in the information.

Space will not permit the setting forth in full of the lengthy

508

information for it comprises 70 pages of the transcript on appeal herein, exclusive of some 80 additional photostatic inserts of the sheriff's thirteen monthly reports and claims and both the face and reverse sides of each county warrant received and endorsed by and paid to the sheriff on the reports and claims so made.

*The Information.* Each of the above mentioned thirteen counts follows the form and language of the first count which is as follows:

Title of Court and Cause

"Information

"In the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula, on this 25th day of February, A.D. 1954, in the name and on behalf and by authority of the State of Montana, Robert D. MacLean and George Bukovatz *are jointly accused* by Robert W. O'Donovan duly appointed, qualified and acting County Attorney in and for the County of Missoula, State of Montana, by this Information *of the crime of collecting illegal fees,* aggregating approximately $831.22, *by falsely representing expenses for boarding prisoners, a felony,* committed on the 7th day of February, A.D. 1953, and from thence continuously to and including the 1st day of February, A.D. 1954, as follows, to-wit:

"Count One

"That on the 7th day of February A.D. 1953 at the City and County of Missoula, Montana, the said Robert D. MacLean, being then and there the duly elected, qualified and acting County Sheriff of the County of Missoula, State of Montana, and George Bukovatz, being then and there the duly appointed, qualified and acting Under Sheriff of the County of Missoula, State of Montana, devising and *intending to defraud* the said County of Missoula out of the sum of $89.25 lawful money of the United States, *wilfully, knowingly, falsely and feloniously presented and caused to be presented for allowance* to the Board of County Commissioners of said County, *a certain false and fraudulent monthly report* concerning board furnished Missoula

County prisoners, which said *items* the Board of County Commissioners were then and there authorized to allow *if said items were genuine and a proper prisoner charge* upon Missoula County, and which said monthly report then and there *presented* and caused to be presented was in words and figures following, to-wit:''

(Here is inserted and attached five photostats of the five pages comprising the ''Monthly Report of the Sheriff of Missoula County, Montana Concerning the Board of Prisoners for the Month of January 1953.'')

''And said monthly report was then and there before such presentation endorsed for and in behalf of Robert D. MacLean as such County Sheriff by George Bukovatz as such County Under Sheriff, to be correct.

''That pursuant to the approval by the Board of County Commissioners of the claim for board furnished Missoula County prisoners aforesaid, and endorsement under Seal for and in behalf of Robert D. MacLean, Sheriff of Missoula County by George Bukovatz as such County Under Sheriff, of Claim No. 4570, in words, figures and manner following, to-wit:

'' 'Claim Blank—Furnished by County Auditor.

This Claim Must Be: 1st Dated; 2nd Itemized; 3rd Sworn to. All Claims Must Be Filed with the County Auditor, Missoula, Montana Not Later Than The 5th day For Payment The Same Month. Requisition and Receipts Must be Attached to this claim.

To R. D. MacLean Sheriff ......................................................Dr.
Date County Board of prisoners for the month of January 1953, as shown per attached statement.

| | |
|---|---|
| 139 days at $1.75 per day | $243.25 |
| 67½ days at $1.75 per day | 118.13 |
| 47½ days at $1.75 per day | 83.12 |
| 38 days at $1.75 per day | 66.50 |
| 31½ days at $1.75 per day | 55.13 |
| Total | $566.13 |
| 323½ days at $1.75 per day | $566.13 |

510

| Approved as to Delivery | Examined and Approved | Audit and Budget Approval |
|---|---|---|

O.K. R. D. MacLean Sheriff Laverne Taylor

By George Bukovatz, U Sheriff Above to be approved

Above to be approved by County Auditor

Officer or Dept. Head or Deputy

"The undersigned being duly sworn says that the items mentioned in the foregoing account were furnished as therein stated, and that the amount claimed is correct, just, due and wholly unpaid.

Sign Here

R. D. MacLean, Sheriff
By George Bukovatz
Under Sheriff

"State of Montana ⎫
 (Seal) ⎬ ss.
County of Missoula ⎭

"Sworn and subscribed to before me the 7th day of February, 1953.

LaVerne Taylor
County Auditor

"Signature must be attested by a Notary Public or an officer legally authorized to perform such service.'

"a Warrant was drawn upon the County Treasurer of Missoula County, and *the said Treasurer, believing the representation upon said warrant to be true, paid a Missoula County Warrant* to Robert D. MacLean, Sheriff of Missoula County; and such Warrant was received and endorsed by Robert D. MacLean, as such County Sheriff, in words and figures following, to-wit:"

(Here is inserted and attached what purports to be a photostatic copy of the face and reverse side of Missoula County General Fund Warrant No. 2406, dated February 18, 1953, drawn on the Treasurer of Missoula County in the sum of $566.31 payable to R. D. MacLean "For Board of Co. Prisoners" and bearing on the reverse side the purported signature and endorsement of the said named payee.)

*"Whereas in truth and in fact the following items of said monthly report of the sheriff of Missoula County concerning board of prisoners,* claimed and paid under Claim No. 4570, Warrant No. 24026 aforesaid, to-wit:

| "Month 1953 | Name | Dates Served | Charge | Total Days |
|---|---|---|---|---|
| January | Chancey Hill | 1 | Vagrancy | ½ |
| | Howard Leer | 2 | ,, | ½ |
| | Chancey Hill | 2 | ,, | ½ |
| | Joseph Mahinson | 3 | ,, | ½ |
| | George Humphrey | 3 | ,, | ½ |
| | John Alexander | 4 | ,, | ½ |
| | Wm. Holbart | 4 | ,, | ½ |
| | John Alexander | 5 | ,, | ½ |
| | John Kemp | 5 | ,, | ½ |
| | Frank Doran | 5 | ,, | ½ |
| | Nick Nash | 5 | ,, | ½ |
| | Harold Mitchell | 5 | ,, | ½ |
| | Robt. Keller | 5 | ,, | ½ |
| | Wm. Holbart | 5 | ,, | ½ |
| | Donald Hampton | 6 | ,, | ½ |
| | Roy Burdell | 6 | ,, | ½ |
| | John Kemp | 6 | ,, | ½ |
| | Morris Gilbertson | 6 | ,, | ½ |
| | Melvin Krogfos | 6 | ,, | ½ |
| | Quincy Lambert | 6 | ,, | ½ |
| | John Bloomquist | 6 | ,, | ½ |
| | Elwood Vangart | 6 | ,, | ½ |
| | Donald Hewett | 7 | ,, | ½ |
| | Morris Gilbertson | 7 | ,, | ½ |
| | Wm. Little | 7 | ,, | ½ |
| | John McCaulley | 7 | ,, | ½ |
| | James Flesher | 7 | ,, | ½ |
| | James Flesher | 8 | ,, | ½ |
| | Alfred Kirkhut | 8 | ,, | ½ |
| | Gerald Bills | 8 | ,, | ½ |

512

| "Month 1953 | Name | Dates Served | Charge | Total Days |
|---|---|---|---|---|
| January | Robert Richmond | 10 | ,, | ½ |
| | Doyle Durfee | 10 | ,, | ½ |
| | Robt. Stewart | 10 | ,, | ½ |
| | R. R. Treichel | 10 | ,, | ½ |
| | Alvin Lainio | 11 | ,, | ½ |
| | Carl Germaine | 11 | ,, | ½ |
| | Carl Babcock | 11 | ,, | ½ |
| | Dave Semieux | 11 | ,, | ½ |
| | John Farrell | 12 | ,, | ½ |
| | Kenneth Maynard | 12 | ,, | ½ |
| | Rex Ehle | 12 | ,, | ½ |
| | Frank Bohen | 12 | ,, | ½ |
| | Rex Ehle | 13 | ,, | ½ |
| | John Farrell | 13 | ,, | ½ |
| | Robt. Stewart | 14 | ,, | ½ |
| | Earl Leigs | 15 | ,, | ½ |
| | Oliver Noyes | 15 | ,, | ½ |
| | James Cooper | 15 | ,, | ½ |
| | Ted Stanerson | 16 | ,, | ½ |
| | Carl Noll | 16 | ,, | ½ |
| | Raymond Willson | 17 | ,, | ½ |
| | Louise C. Saice | 18 | ,, | ½ |
| | Eugene Goodman | 18 | ,, | ½ |
| | Wm. Seoville | 18 | ,, | ½ |
| | J. D. Cavin | 18 | ,, | ½ |
| | Melvin Knapp | 18 | ,, | ½ |
| | Louis Bender | 19 | ,, | ½ |
| | Tom Keller | 19 | ,, | ½ |
| | J. D. Cavin | 19 | ,, | ½ |
| | Jessie P. Lucker | 20 | ,, | ½ |
| | Gerald Weible | 20 | ,, | ½ |
| | Wm. Rosland | 20 | ,, | ½ |
| | Gene Kidder | 20 | ,, | ½ |
| | Raymond Wilson | 20 | ,, | ½ |

| "Month 1953 | Name | Dates Served | Charge | Total Days |
|---|---|---|---|---|
| January | Robert Pratte | 21 | ,, | ½ |
| | Herry Edick | 21 | ,, | ½ |
| | Gerald Weible | 20 & 21 | ,, | 1 |
| | Charles Hurtleings | 22 | ,, | ½ |
| | Boyce Treadway | 22 | ,, | ½ |
| | Herbert Leavitt | 23 | ,, | ½ |
| | Joe Joe Chislo | 23 | ,, | ½ |
| | Phillip Stroid | 23 | ,, | 1 |
| | Steve Haffner | 23 | ,, | ½ |
| | Alton Proctor | 25 | ,, | ½ |
| | Gerald Switzer | 26 | ,, | ½ |
| | Dale Stewart | 25 | ,, | ½ |
| | Byron Jensen | 26 | ,, | ½ |
| | James Murray | 26 | ,, | ½ |
| | W. R. Selman | 26 | ,, | ½ |
| | John Kemp | 26 | ,, | ½ |
| | Arnold Onvik | 26 | ,, | ½ |
| | Abe Hickman | 26 | ,, | ½ |
| | Loris Mosdus | 26 | ,, | ½ |
| | Alfred Lehman | 26 | ,, | ½ |
| | Loris Rawlins | 27 | ,, | ½ |
| | Ernest Jackimaki | 27 | ,, | ½ |
| | Marcus Darrow | 28 | ,, | ½ |
| | Chas. Mathison | 28 | ,, | ½ |
| | W. R. Silman | 29 | ,, | ½ |
| | Robt. Duncan | 29 | ,, | ½ |
| | John Kemp | 30 | ,, | ½ |
| | Harold Katti | 30 | ,, | ½ |
| | Arnold Oxrik | 30 | ,, | ½ |
| | John Salley | 30 | ,, | ½ |
| | Arnold Huit | 30 | ,, | ½ |
| | Bernice Shewell | 30 | ,, | ½ |
| | Jennings Shelton | 31 | ,, | ½ |
| | Edw. Baker | 31 | ,, | ½ |

| "Month 1953 | Name | Dates Served | Charge | Total Days |
|---|---|---|---|---|
| January | Duvall Lovings | 31 | '' | ½ |
| | Mike Charlo | 31 | '' | ½ |

Total 51 days

"*had not, nor had any portion thereof been furnished Missoula County prisoners. That the alleged prisoners aforesaid, if such named inmates of the county jail in Missoula County, Montana ever did exist, were not prisoners of Missoula County at the time or times claimed.* That there are no records nor files in Missoula County courts showing that a complaint was nor had ever been filed against the alleged prisoners aforesaid on the date or dates claimed; that in fact there is nothing of record in Missoula County courts showing the alleged prisoners aforesaid were, nor had ever been committed to the said jail under process of Missoula County courts, discharged or otherwise, on the date or dates claimed, and as they, the said Robert D. MacLean and George Bukovatz then and there well knew, *and said items of alleged prisoners of Missoula County aforesaid,* representing 51 days board at $1.75 per day, in the aggregate value of $89.25 lawful money of the United States *were all then and there false and fraudulent, as they, the said defendants then and there well knew,* all of which is contrary to the form, force and effect of the statute in such case made and provided for, and against the peace and dignity of the State of Montana." (Emphasis supplied.)

The above information is sufficient.

It fully meets each and all the statutory tests prescribed in R.C.M. 1947, section 94-6412 of the Penal Code for determining the sufficiency of any information.

It adequately charges violation of the provisions of section 25-229, supra.

It follows the form and procedure which the Legislature adopted and prescribed for the drafting of proper and sufficient informations in any criminal action, R.C.M. 1947, sec-

tions 94-6401, 94-6403, 94-6404, 94-6405, 94-6407, 94-6408, 94-6410, 94-6411, 94-6413 and 94-6414.

The only rules by which the sufficiency of the information is to be determined are those found in the Penal Code and not elsewhere, section 94-6401, supra.

The Legislature, in enacting the statute, section 25-229, supra, used the words and phrases "falsely represents", "false item" and "false items in a claim" and these same words and phrases or those conveying the same meaning are used in the information herein as is authorized by the provisions of sections 94-6410 and 94-6411 of the Penal Code.

The language employed by the Legislature in defining a crime is deemed best suited to that purpose and error can not be predicated upon its use in the information. People v. Anderson, 58 Cal. App. 267, 271, 208 Pac. 324, 326.

A criminal offense created by statute may be charged in the language of the statute and this is sufficient. State v. Shannon, 95 Mont. 280, 285, 26 Pac. (2d) 360; State v. Lake, 99 Mont. 128, 136, 43 Pac. (2d) 627; State v. Wong Sun, 114 Mont. 185, 191, 192, 133 Pac. (2d) 761; State v. Brown, 38 Mont. 309, 99 Pac. 954; State v. Hayes, 38 Mont. 219, 99 Pac. 434; State v. Nielson, 38 Mont. 451, 100 Pac. 229.

The strict, harsh, highly technical ancient common law rule of construction, applied by this court to the information and to the provisions of the Penal Code determinative of this appeal as well as determinative of the most recent appeal in State v. Hale, 129 Mont. 449, 291 Pac. (2d) 229, speaks for a dusty world and a forgotten age.

Such construction restores the technicalities of the ancient common law and it deprives Montana of the simple procedure and the few plain easily understood rules prescribed by our Penal Code by which the sufficiency of the information in a criminal case *must* be determined. R.C.M. 1947, section 94-6412.

In my opinion such construction is contrary to the clear mandate of sections 94-101, 94-6401, 94-6403, 94-6404, 94-6405, 94-

516

6410, 94-6411, 94-6412, 94-6413, 94-6434 and 94-8207 of the Revised Codes of Montana of 1947.

The facts set forth in the information are sufficient to constitute a public offense. They adequately charge various violations of the provisions of section 25-229, Revised Codes of Montana of 1947.

MR. JUSTICE BOTTOMLY:

I concur in the foregoing opinion of Mr. Chief Justice Adair.